FIRE DEPARTMENT OF MILWAUKEE VS. HELFENSTEIN, and others.

The act entitled "an act in relation to insurance on property in this State, made by individuals and associations authorized by law," (Laws 1852, chapter 257, ch. 65, R. S.) does not infringe section one of article eight of the constitution, which declares "that the rule of taxation shall be uniform."

The per centage required to be paid by this law is not a tax upon the agent or his occupation, nor is the requirements of the law an exercise of the power of

taxation as to the companies, but is an exercise of the police power inherent in the sovereignty of the state.

The legislature may prohibit or permit the doing of business in this state, by foreign insurance companies, and if it permits them to do business here, it may impose such conditions and restrictions upon them as it sees fit.

The design of ch. 65, R. S., is to compel a contribution from foreign insurance companies to the fire departments, and it is therefore not repealed by chapter 190 Laws 1859.

APPEAL from the County Court for *Milwaukee* County.

The complaint in this action sets forth in substance that on the 19th day of February 1858, the defendants executed and delivered to the plaintiff their certain bond or writing obligatory, reciting that the defendant, *Helfenstein*, was the agent of the Atlantic Fire Insurance company, of Brooklyn, N. Y., and of the Commercial Insurance company, of New York, for the city of Milwaukee, and that by an act entitled "an act in relation to insurance on property, in this state, made by individuals and associations authorized by law," approved April 9th, 1852, it is provided among other things, that "no person shall, in the city of Milwaukee, as agent or otherwise, for any individual, individuals or associations; effect, or agree to effect any insurance upon which the duty above mentioned is required to be paid, or as agent or otherwise procure such insurance to be effected, until he shall have executed and delivered to the said treasurer, a bond to the Fire Department of the city of Milwaukee in the penal sum of one thousand dollars, with such sureties as the said treasurer shall approve; with a condition that he will annually render to the said treasurer, on the first day of February in in each year, a just and true account, verified by his oath, that the same is just and true; of all premiums which during the year ending on the first day of January, preceding such report, shall have been received by him or any other person for him, or agreed to be paid for any insurance against loss or injury by fire in the city of Milwaukee, which shall have been effected or promised by him, or agreed to be effected or promised by him to be effected,

from any individual, or individuals or association not incorporated by the laws of this state aforesaid, and that he will annually on the first day of February in each year, pay to the said treasurer two dollars upon every hundred, and at that rate upon the amount of such premium; conditioned according to the provisions of said act; setting forth such conditions at length. That from the date of said bond to the time of bringing the action the said *Helfenstein* had continued to be agent of said insurance companies, residing and doing business for said insurance companies in the city of Milwaukee, and that during the year ending on the 1st day of January, 1862, the said *Helfenstein*, as such agent received premiums to the amount of $12,000, for insurance against loss or injury by fire in said city, which insurance was effected by the said insurance companies, and that they were not, nor was either of them incorporated by the laws of the state of Wisconsin. The breaches assigned, were, 1st, that said *Helfenstien* had wholly failed and refused to render to the treasurer of the plaintiff any account whatever of such premiums as required by said bond. 2d. That he had not paid to the treasurer of the plaintiff two dollars upon every hundred dollars, and at that rate for the amount of such premiums, nor any part of such percentage, which was by law due and owing to said treasurer by said *Helfenstein*, by reason of such insurance so effected from said insurance companies. The plaintiff demanded judgment for $1,000, the penalty of the bond besides the costs. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The county court made an order overruling the demurrer, and the defendants appealed therefrom.

*Cary & Pratt*, for appellants. The law in pursuance of which the bond was executed is unconstitutional. 1st. It assumes to take the property of one person and transfer it to another without due process of law. The act directs that the agents shall pay, not to the government, but to a certain cor-

poration, two per cent of all moneys received by him in a certain business. If such requirement is within the power of the legislature to make, they may upon the same principle provide that one particular man shall annually pay to another one half of his earnings, or at stated times divide his substance with certain designated persons. 2. Because it violates section one of article eight of the constitution of this state, which requires that the rule of taxation shall be uniform. The design of this provision was to secure equality in taxation. 3d. The law under which the bond was given, was repealed, before the bond was executed, by chapt. 190, of the laws of 1859. This is an act regulating the matter of foreign insurance companies, and covering the whole ground, would without a repealing clause, repeal all prior laws on the subject. But section 9 expressly repeals the prior law in terms, except that it provides " that it shall in no wise affect the law in existence to compel said companies to pay in their quota towards the support of the fire department in different cities of the state. The requirement of the former law was that the agent should pay. It was a personal charge on him, not on the company and it is not excepted from the repealing clause.

*Palmer & Stark,* and *D. G. Hooker,* for the respondent.

*By the Court,* DIXON, C. J.    In this case the following points are decided:

1. That the act entitled " an act in relation to insurance on property in this state, made by individuals and associations authorized by law," approved April 7th, 1852, (Laws of 1852, chap. 257,) does not infringe section 1 of article VIII, of the constitution of this state, which declares that the "rule of taxation shall be uniform, and that taxes shall be levied upon such property as the legislature shall prescribe." The per centage of the premiums directed to be paid for the benefit of the fire department, is in no just sense a tax upon the agent or upon his occupation or business. The intention of the legislature

and the effect of the act are, to go back of the agent and reach the company which he represents. Nor is the requirement an exercise of the power of taxation as to the companies, but only a proper exercise of the police power inherent in the sovereignty of the state. Whether these foreign insurance companies shall do business in this state, or whether they shall be prohibited, is a matter which concerns the state and affects the public welfare. They may be permitted or prohibited, and if permitted, the sovereign power may impose such restrictions and conditions as it sees fit, which can, in general, only be enforced by operating upon their agents and managers within the territory.

2. The same act, or chapter 65, of the Revised Statutes, now substituted for it, is not repealed by chapter 190, Laws of 1859, entitled, " an act to regulate insurance companies not incorporated by the state of Wisconsin." Section nine of the latter act provides : "This act shall in no wise affect the law now in existence, to compel said companies to pay their quota towards the support of the fire departments in different cities of the state." It being the design of the former act to compel a contribution from the companies, and not from the agents as is contended by counsel, it is saved by the proviso.

Order affirmed.