The State vs. The Northwestern Endowment and Legacy Association of Minnesota.

*December 22, 1884—January 13, 1885.*

*Service of summons on foreign insurance company: Who is an agent?*

A summons may be served (under subd. 9, sec. 2637, R. S.) upon an insurance corporation not organized under the laws of this state, by delivery thereof to any person who does for such corporation any of the acts specified in sec. 5, ch. 240, Laws of 1880, whether such person receives compensation for his services or not.

APPEAL from the Circuit Court for *Dane* County.

The appeal is by the defendant from an order overruling its motion to set aside the service of the summons. The motion was based upon the papers in the case and affidavits by J. K. Turner and A. J. Meacham. The facts will sufficiently appear from the opinion.

For the appellant there was a brief by *Rogers & Hall*, attorneys, and *S. U. Pinney*, of counsel, and the cause was

JANUARY TERM, 1885. 175

The State vs. Northwestern Endowment and Legacy Ass'n of Minn.

argued orally by *Mr. Rogers* and *Mr. Pinney.* To the point that the legislature did not intend that two definitions of an insurance agent should remain in force on the statute books, and that therefore sec. 1977, R. S., was repealed by ch. 240, Laws of 1880, they cited: *Moore v. S. & St. C. R. R. Co.* 34 Wis. 173; *Burlander v. M. & St. P. R. R. Co.* 26 id. 76; *Lewis v. Stout,* 22 id. 234; *State v. Campbell,* 44 id. 529.

*The Attorney General,* for the respondent.

Cole, C. J. The defendant is a life insurance corporation organized and doing business under the laws of Minnesota, with its office at Red Wing, in that state. Process was served upon it by personally delivering to and leaving with J. K. Turner, of Milwaukee, its agent, a true copy of the summons. The question is, Was such service sufficient to give the court jurisdiction of the defendant?

It is claimed on the part of the defendant that service could not be made upon Turner; that the facts appearing in the affidavits show that he was not its agent, so as to authorize process to be served upon him. Mr. Turner states in his affidavit that he is not an officer of the defendant; that he is not and never was its agent in this state or elsewhere; nor was he ever its broker or attorney. He further states that in December, 1883, he wrote an application for some parties in Milwaukee to become members of the company, and transmitted the same to the secretary at Red Wing; but "that he never advertised as agent of said association, nor has he ever aided or assisted in the transaction of any business for said association other than above stated, and that he never received any compensation from said association or any other person for the services performed." Mr. Meacham, secretary of the association, makes an affidavit in which he, among other things, states that the corporation has not now, nor has it ever had, any office or place of business in the

state of Wisconsin; and "that said Turner is not now, nor has he ever been, the authorized agent of said association in the state of Wisconsin, or elsewhere, nor was he ever agent, broker, or attorney for said association; nor has said association ever paid said Turner, for services as agent, broker, or attorney, any sum or amount whatever."

In opposition to the motion to set aside the service, the affidavit of John Cassel, of Milwaukee, was used, in which he states that in December, 1883, he was solicited by Turner to insure in the defendant company; that at such solicitation he did sign an application for insurance and paid Turner, as agent, nine dollars for such insurance, taking a receipt signed by Turner as agent, and which receipt is made a part of his affidavit; also, at the same time, he paid Turner, as agent, $18 for insurance on the lives of two other parties living in Milwaukee, taking Turner's receipt for each of said parties named by him.

Upon these facts we have no doubt but Turner was an agent of defendant so that service of process could be made upon him under subd. 9, sec. 2637, R. S. That provision prescribes that service may be made upon a foreign insurance corporation by delivering the summons, etc., to the agent or attorney thereof having authority therefor by appointment under the provisions of sec. 1915 or sec. 1953, or to any agent of such corporation in this state, within the definition of sec. 1977. The last section, in substance, declares that whoever solicits insurance on behalf of any insurance corporation, or transmits an application for insurance, or receives any premium, or in any manner aids or assists in doing any business for any insurance corporation, shall be held to be an agent of such corporation to all intents and purposes. Clearly, Turner was an agent within the meaning of this section. But it is said this provision has been repealed by ch. 240, Laws of 1880. We do not think this law was intended to or does in any way change subd. 9

as to the commencement of actions or service of process upon foreign insurance corporations. The manner of serving process upon such corporations is not even referred to or mentioned in the law, nor is any direction given upon that subject. Indeed, the law relates to other matters entirely. It is true, sec. 5 in effect declares that whoever solicits insurance on behalf of any insurance corporation, or transmits an application for insurance, or collects any premium, or in any manner aids or assists in doing these things, shall be held to be an agent and subject to the provisions of the act. In other words, whoever performs any of the acts designated, without first procuring from the commissioner of insurance a certificate of authority, is guilty of a misdemeanor, and liable to be punished by fine, unless it is shown that he received no compensation for his services, in which case he does not incur the penalty. But, though the person performs these acts gratuitously, he may still be an agent of the company for the purpose of making service upon the corporation. Unless this were so, it would follow that there could be no service upon a foreign insurance company doing business in this state, where its agents were not paid for their services. It may be said that this case would not likely arise, because persons could not be found who would render their services gratuitously; but, if we are to believe Mr. Turner, he has transacted business for the defendant without compensation, and others may be found equally unselfish and disinterested to do business for a foreign company. We therefore hold, while ch. 240, Laws of 1880, defines an insurance agent who is subject to the penalties of that law, still that act does not have the effect to limit or restrict service of process to that particular class of agents. But service may still be made upon any one who does any of the acts there designated for an insurance company, whether he receives compensation for his services or not.

*By the Court.*— The order of the circuit court is affirmed.