THE STATE, Respondent, vs. THE UNITED STATES MUTUAL ACCIDENT ASSOCIATION, Appellant.

*December 17, 1886 — January 11, 1887.*

*(1) Service of summons: Unlicensed foreign insurance company: Agency: Jurisdiction. (2) Return of service: Impeaching and sustaining.*

1. Service of a summons upon an unlicensed foreign insurance company doing business in this state may be made by delivering a copy thereof to any agent of such company within the definition of sec. 1977, R. S., in this state. Said sec. 1977 applies to the agents of unlicensed as well as licensed companies. [How far the jurisdiction acquired by such service extends, not determined.]

2. If, on a motion to set aside the service of a summons, the defendant may by other evidence impeach the sheriff's return of service, the plaintiff may by similar evidence support the return.

APPEAL from the Circuit Court for *Dane* County.

The case is thus stated by Mr. Justice CASSODAY:

"This is an appeal from an order refusing to set aside the service of the summons in this action — the defendant having appeared specially and for that purpose only. The sheriff's return indorsed upon the summons was to the effect that April 10, 1886, at Fort Howard, Brown county, Wisconsin, he served the within summons upon the within-named defendant personally, by then and there delivering to and leaving with C. Bombach, a resident and citizen of this state, personally,— he, the said C. Bombach, being then and

JANUARY TERM, 1887.                625

The State vs. The United States Mutual Accident Ass'n.

there an agent of the said defendant,— a true copy thereof. From the affidavit upon which the motion was based, and the affidavits and proofs used in opposition to the same, it appears, in effect, that the defendant was, at the several dates herein mentioned, a foreign corporation, previously organized under the laws of New York, and having its home office at No. 320 Broadway, in the city of New York; that its business was that of receiving applications for and issuing accident insurance policies, upon the principle of mutual insurance; that it had never been admitted or licensed to transact business of accident insurance in this state, nor had ever designated or appointed any attorney or agent in this state for the service of process in actions in this state against the defendant; that said Bombach has been a resident of Fort Howard, in this state, since September 10, 1883; that he commenced soliciting insurance for the defendant in February, 1885, and continued to advertise and solicit such insurance until the commencement of this action; that during that time he received from the defendant, from time to time, printed matter for use and advertising purposes, including printed forms and rate-books for his use in soliciting and taking applications for insurance in the defendant company; that during such time of his soliciting such insurance he took two applications, to wit, one from John Nelson and another from Frank Winding, from each of whom he collected at the time of such application five dollars, from which he retained a commission of three dollars, and transmitted the balance, together with such application, to the defendant at its said home office, and in due course of mail received from the defendant policies of insurance issued by it, insuring said Nelson and Winding respectively, and which policies were delivered to them respectively by said Bombach; that no part of the money so sent to the defendant had ever been returned; that during said time said Bombach was so engaged in soliciting insurance for

the defendant he advertised its said business by posting up and by distributing the circulars and printed matter sent to him by the defendant for that purpose."

For the appellant there was a brief by *Finches, Lynde & Miller,* and oral argument by *Mr. B. K. Miller, Jr.* They contended, *inter alia,* that in a case of this kind the return of service must show an exact compliance with the statute. *St. Clair v. Cox,* 106 U. S. 356; *Ex parte Schollenberger,* 96 id. 369; *La Fayette Ins. Co. v. French,* 18 How. 404. In this case the return does not show that the copy of the summons was delivered to an agent *transacting business for the defendant within this state.* The agent to whom such delivery was made may have been transacting business for the company in some other state, or casually within this state on business which required no office or place of business therein. The statute (sec. 1977, R. S.) cannot be held to include such a case. *Newell v. G. W. R. Co.* 19 Mich. 336; *McQueen v. Middletown Mfg. Co.* 16 Johns. 5; *St. Clair v. Cox,* 106 U. S. 357; *Cooper Mfg. Co. v. Ferguson,* 113 id. 727; *Kiufeke v. M. D. Trans. Co.* 11 Fed. Rep. 282; *Henning v. Planters' Ins. Co.* 28 id. 440. The agent referred to and defined by sec. 1977, R. S., must be an agent of a duly licensed insurance company. An agent of an unlicensed company is not recognized by law, and his acts are void. It would be inconsistent for the law on the one hand to forbid the doing of business by agents, and then to recognize their acts by allowing service to be made on them as if those acts were valid and their contracts binding.

*H. W. Chynoweth,* for the respondent.

CASSODAY, J. Are the facts stated such as to make the service upon Bombach good as against the defendant? In our judgment they are. The defendant is a foreign accident insurance corporation. It never procured a license to do business in this state, as required by the statutes. Secs.

1220, 1953, R. S. It is provided by sec. 2637, R. S., that actions against corporations shall be commenced in the same manner as personal actions against natural persons. The summons, etc., shall be served, and such service held of the same effect as personal service on a natural person, by delivering a copy thereof as follows: ". . . (9) If against any insurance corporation not organized under the laws of this state, to the agent or attorney thereof having authority therefor by appointment under the provisions of section 1915 or section 1953, *or to any agent* of such corporation within the definition of section 1977, in the state." Here, the summons could not have been served on the defendant by delivering a copy thereof to the agent or attorney appointed by the defendant under the provisions of sec. 1915 or sec. 1953, since no such appointment was ever made. It follows that such service could only be made by delivering such copy to an agent of the defendant within the definition of sec. 1977, R. S. By that definition, whoever solicits insurance on behalf of any insurance corporation, or transmits an application for insurance or a policy of insurance to or from any such corporation, or who makes any contract of insurance, or collects or receives any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business for any insurance corporation, or advertises to do any such thing, *shall be held an agent* of such corporation to all intents and purposes; and the word agent, whenever used in ch. 89, R. S., shall be construed to include all such persons. Sec. 1977, R. S.

The several things thus enumerated are connected by disjunctives, so that the doing of any of them by Bombach would have made him the agent of the defendant, within the definition. *State v. Farmer*, 9 Wis. 459. The facts stated show that he did every one of them himself, unless it was to make the contracts of insurance mentioned; and the facts stated show that he aided and assisted in making each

of them, which of itself was enough to make him such agent, within the definition.

As to the commencement of actions or service of process upon foreign insurance corporations, this is in no respect changed by ch. 240, Laws of 1880, notwithstanding sec. 5 of that act is nearly in the same language as sec. 1977, R. S. It simply makes it a misdemeanor to act as such agent otherwise than as prescribed. This was fully considered and determined in *State v. Northwestern Endowment & Legacy Ass'n of Minn.* 62 Wis. 176, 177. But here Bombach received a commission on each of the policies mentioned as issued by the defendant, and hence the question of his acting "gratuitously," there considered, is not here involved. By receiving and retaining such applications and premiums, and then issuing to the respective beneficiaries policies thereon, and then sending the same to Bombach for delivery, the defendant thereby ratified his agency.

If the argument of counsel, to the effect that sec. 1977 only relates to agents of such foreign insurance companies as are duly licensed to do business within this state, is sound, then there would be no possible way of commencing an action against an unlicensed foreign insurance company doing business in this state in violation of law. In other words, such construction would reward such foreign insurance companies as refused to pay the requisite license, by enabling them to retain the license money and then shielding them from the enforcement of all liability, whether on their contracts or otherwise, in the courts of Wisconsin. Such construction would defeat the whole purpose and scope of the statute. Besides, such construction would restrict the application of the section wholly to home insurance companies and such foreign insurance corporations as procure the requisite license; whereas the language of the section is, "any insurance corporation," "any contract of insurance," "any premium for insurance," "any business

for any insurance corporation," and then enlarges the word "agent" whenever used in other portions of the chapter so as "to include all such persons" as are therein described. The chapter evidently applies to foreign insurance companies not having procured such license, as well as those which have. Thus sec. 1952 applies to " every life or accident insurance corporation doing business in this state  . . .  upon the principle of mutual insurance." Sec. 1953 applies to "every life or accident insurance corporation not organized under the laws of this state." Sec. 1954 applies to "every life or accident insurance corporation doing business in this state." Manifestly it was not the intention of the legislature that the right of serving process upon foreign insurance companies doing business within this state should be dependent upon their first taking out a license.

The courts of other states have taken a similar view of similar statutes. *Gibbs v. Queen Ins. Co.* 63 N. Y. 114; *Pope v. Terre Haute, C. & M. Co.* 87 N. Y. 137; *Osborne v. Shawmut Ins. Co.* 51 Vt. 278; *McNichol v. U. S. Mercantile R. A.* 74 Mo. 457; *Swift v. State,* 25 Am. Law Reg. (N. S.), 594; *Lhoneux v. Hong Kong & S. B. Corp.* L. R. 33 Ch. Div. 446.

Foreign insurance companies are not compelled to do business in this state. If they voluntarily choose to do so, however, they must submit to such conditions and restrictions as the legislature may see fit to impose. *Fire Department v. Helfenstein,* 16 Wis. 136; *State ex rel. Drake v. Doyle,* 40 Wis. 176.

In *Paul v. Virginia,* 8 Wall. 168, a person, having acted as an agent of an insurance company doing business in that state without a license under a similar act, was convicted and fined under the statute; and it was held that there had been no violation of sec. 2, art. IV, Const. of U. S., providing that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states;" nor of sec. 8, art. I, giving to Congress the power "to regulate

commerce with foreign nations, and among the several states." In that case, Mr. Justice FIELD, speaking of foreign insurance companies, for the whole court, used this significant language: "Having no absolute right of recognition in other states, but depending for such recognition and enforcement of its contracts upon their assent, it follows as a matter of course that such assent may be granted upon such terms and conditions as those states may think proper to impose. They may exclude the foreign corporation entirely; they may restrict its business to particular localities; or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion." Page 181. This language was expressly sanctioned by the same learned court in *Ducat v. Chicago*, 10 Wall. 410; *Liverpool Insurance Co. v. Massachusetts*, 10 Wall. 566; and in the very recent case of *Philadelphia Fire Ass'n v. New York*, 119 U. S. 117, 118. The same language was quoted approvingly in the opinion of this court in *State ex rel. Drake v. Doyle*, 40 Wis. 197, 198.

From these decisions it appears that by voluntarily doing business in the state the defendant voluntarily submitted itself to the laws of the state. From them it further appears that the question of interstate commerce is in no way involved in such a case; and hence it is distinguishable from *Cooper Manuf'g Co. v. Ferguson*, 113 U. S. 727, and other similar cases.

The defendant's right to impeach the sheriff's return by other evidence includes the plaintiff's right to support such return by similar evidence. We conclude that the court got jurisdiction of the defendant by the service upon Bombach.

The question, however, is not before us as to just what subject-matter such jurisdiction may extend to. It is enough to know that there may be cases to which such jurisdiction

extends. *Ganser v. Fireman's Fund Ins. Co.* 34 Minn. 372, and cases there cited; *Ehrman v. Teutonia Ins. Co.* 1 McCrary, 123; *S. C.* 1 Fed. Rep. 471; *Merchants' Manuf'g Co. v. Grand Trunk R. Co.* 13 Fed. Rep. 358; *Gray v. Taper Sleeve Pulley Works*, 16 Fed. Rep. 437.

*By the Court.*— The order of the circuit court is affirmed.

