## DIXON v. ORDER OF RAILWAY CONDUCTORS OF AMERICA.

*(Circuit Court, E. D. Wisconsin. April 18, 1892.)*

FOREIGN INSURANCE COMPANIES—AGENTS FOR SERVICE OF PROCESS.
    Where the regulations of an association having a benefit department require the secretary of each local division to certify to the health of every applicant for insurance, to keep a correct list of the members of the benefit department, to place thereon the name of any member of the insurance department joining his division by transfer from any other division, and also make it the duty of members to notify him of any changes of residence, such secretary must be considered an insurance "agent" of the association, under Rev. St. Wis. § 2637, subd. 9, and section 1977, declaring who shall be considered agents of a foreign insurance company for the purpose of receiving service of process.

At Law. Action by Mary Dixon against the Order of Railway Conductors of America to recover upon an insurance certificate. Heard on motion to vacate the service of process and dismiss the action. Overruled.

    Chas. A. Clark, for the motion.
    Wigman & Martin, opposed.

JENKINS, District Judge. This suit was brought in a court of the state of Wisconsin, and removed into this court by the defendant. The plaintiff claims under a certain certificate of insurance, issued in 1885 upon the life of her deceased husband by the "Order of Railway Conductors," then an unincorporated association, subsequently, and in 1887, incorporated under the laws of the state of Iowa, and having its general offices within that state. The summons was served in November, 1890, (1) upon W. P. Daniels, the grand secretary of the order, and a resident of the state of Iowa, while temporarily within the state of Wisconsin, in attendance, as such officer, upon a suit depending in this court against the defendant; (2) upon Charles D. Baker, a resident of Wisconsin, and secretary of a subordinate division of the order, located within that state. The defendant now moves to vacate such service of process, and to dismiss the action, upon the ground that each such service was unauthorized by law.

The statutes of Wisconsin (Rev. St. Wis. § 1953) require every life insurance corporation not organized under the laws of this state, before doing business therein, by written instrument deposited with the commissioner of insurance, to designate an attorney, resident within the state, upon whom process against the company may be served with respect to any cause of action arising out of any business or transaction within the state. Another statute (Rev. St. Wis. § 2637, subd. 9) pro-

vides that service of process upon any insurance corporation not organized under the laws of Wisconsin may be made by delivery thereof to the attorney designated by section 1953, or to any agent in the state of such corporation, within the definition of section 1977. That section (1977) declares that—

"Whoever solicits insurance in behalf of any insurance corporation, * * * or transmits an application for insurance, or a policy of insurance, other than for himself, to or from any such corporation, or who makes any contract for insurance, or collects any premium for insurance, or in any manner acts or assists in doing either, or in transacting any business of like nature for any insurance corporation, or advertises to do any such thing, shall be held to be an agent of such corporation to all intents and purposes, unless it can be shown that he receives no compensation for such services."

It has been ruled that, with respect to foreign insurance companies and the service of process upon them, and by virtue of Rev. St. Wis. § 2637, subd. 9, any person doing for such company any of the acts specified in section 1977 is an agent of the company, so far as regards the service of process, although he may not receive compensation for his services. *State* v. *Northwestern E. & L. Ass'n,* 62 Wis. 174, 22 N. W. Rep. 135; *State* v. *United States Mut. Acc. Ass'n,* 67 Wis. 627, 31 N. W. Rep. 229. The purpose of this legislation is clear. It is to compel every foreign insurance company doing business within the state to be subjected, with respect to such business, to the jurisdiction of the courts of the state. Out of abundant caution, and in anticipation of failure of duty by a foreign insurance company, doing business within the state, to appoint an attorney upon whom service may be made, the law designates as such agent any person who for such company does, or aids or assists in doing, any business of like nature to that of soliciting or contracting for insurance, transmitting applications for policies, or collecting premiums.

The corporation defendant is composed of conductors of railways throughout the United States, associated in divisions or lodges in different parts of the several states. It has a grand division, composed of certain designated elective officers, and of representatives from each subordinate division. The grand division has exclusive jurisdiction over the subordinate divisions, and is invested with executive, legislative, and judicial powers, and with the control of the insurance department. This insurance branch of the corporation is designed to furnish material aid, from a fund obtained upon the assessment plan, to such disabled members, and to the widows and children of such deceased members, as have availed themselves of its benefits. It is, in effect, a mutual insurance company, under the control and direction of the grand division, composed of those members of the order who may choose to participate in its benefits, and insuring its members against death and total disability from accident and disease.

Unquestionably, this defendant has been engaged in the insurance business within the state of Wisconsin. It has some seven divisions within the state. It insures members of the order, residents of that state.

Applications for membership in the insurance branch are by some means —whether by the applicant directly, or through the secretary of the local division—forwarded to the grand secretary, who, if the application be accepted, transmits to the applicant in Wisconsin, either directly or through the secretary of the local division, the proper certificate or policy. That is the transaction of business in this state, within the meaning of the law. *Manufacturing Co.* v. *Ferguson,* 113 U. S. 727, 734, 5 Sup. Ct. Rep. 739.

The record does not disclose clearly the practice with respect to the agency of the secretaries of subordinate divisions in the transaction of the insurance business of the defendant. The affidavits presented in behalf of the defendant are, in this respect, somewhat ambiguous. Mr. Baker, who was served with the process sought to be vacated, and who is secretary of a local division in Wisconsin, asserts that he has not at any time, as secretary of the division or individually, acted for the defendant in receiving or forwarding applications for membership, or the fees accompanying such applications, or in any manner pertaining to the insurance department of the order. This is not a denial of the receipt and forwarding of applications and fees. It is merely a statement of his conclusion of law that in so doing he did not act for the defendant. A plain statement of facts with regard to his acts would have possibly thrown light upon the subject. Mr. Daniels, the grand secretary, declares that Mr. Baker has not forwarded any applications for insurance, or the fees therefor, since May, 1890. That may all be true, because, possibly, since that date there had been no applications to forward. It is not denied that before that date he had forwarded applications. The form of the statement would imply that he had. The application of the deceased may, perhaps, have some bearing upon the practice. It has attached to it the certificate of the secretary of the local division of which he was a member, dated April 18, 1885, under the seal of the division, certifying to the correctness of the statement in the application, and declaring that the applicant had "paid to me the prescribed fee of $2.50." So, also, the printed notices of assessments in use in 1885, signed by the grand secretary, contained the following:

"Secretaries will please see that all members of their divisions who are members of the association are notified of their assessments, as many members change their address without notifying me, and secretaries may know it when I do not."

The practice at that date would seem to have been that the collection of insurance premiums was made by the local secretary. That was, however, before the incorporation of the association. The regulations adopted subsequently to incorporation, and on the 10th day of July, 1888, require the fee to be forwarded with the application, but are silent with respect to any duty of the secretary of the local division with respect to forwarding of applications, or the giving of notice of assessments. The regulation adopted June 10, 1890, imposes the duty upon the secretary of a local division to forward applications. This regulation did not, however, go into effect until January 1, 1891, and after

service of process here. It may be that it merely imposed as a duty a practice obtaining under former regulations. This suggestion derives support from the certificate above referred to, and because it would naturally occur that the practice should obtain of a member dealing with the grand secretary, through the agency of the secretary of the local division to which he belonged. Mr. Daniels insists that the defendant has never had agents within the state of Wisconsin in the conduct of its insurance business. He denies the agency. He is silent as to the practice. He maintains a legal conclusion, without assertion of facts. He does not even state his definition of agency. The statute definition is a broad one. Mr. Daniels may use the term in a restricted sense. The province of a witness is to speak to facts. The conclusion of law rests with the court. The affiant Strope declares that Mr. Baker stated to him that he was accustomed to forward applications for insurance. Although the matter is somewhat obscure, it may, I think, be rightly inferred from the practice before incorporation, and the positive regulation now in force, that the practice always obtained that the dealings between the members and the company were had through the medium of secretaries of local divisions. This may properly also be inferred from the failure of the defendant to possess the court with the facts. He who undertakes to answer should answer fully. Mere statements of conclusions of law are not availing. Silence, when disclosure of facts peculiarly within one's knowledge is required, is sometimes as convincing as positive assertion.

Irrespective, however, of the question of practice, I am of opinion that the regulations in force at the time of this service constituted the secretary of a local division an agent of the defendant for the purpose of service of process, within the intendment of the Wisconsin statute. Those regulations required applications to be accompanied by a certificate of health by the applicant, made before the local secretary of a division, and that certificate must be verified by a secretary, under seal of his division. Applicants, if accepted, are duly accredited as members from the date of the certification of the application by the local secretary. The secretary of each division was required to keep a correct list of the members of the benefit department in his division. The member was required to notify the local secretary, as well as the secretary of the insurance department, of any change in his address, and the local secretary is required to place upon his insurance roll any member of the insurance department joining his division by transfer from another division. The duties thus imposed upon the local secretaries are manifestly in aid of the defendant in the transaction of its business. The certificate of the local secretary to the application is to assure the defendant, by the assertion of an officer of one of its divisions, that the statements of the applicant are correct. The company selects the person who shall certify to it the truth, and who therein acts, not for the applicant, but for the company. So, also, is the regulation with respect to the list of insured members to be kept by the local secretary. The company, by its rules, is required to give to each member notice of an assessment.

The member cannot be put in default until that notice be served upon him. If service be by mail, it must be properly addressed. It is essential, therefore, to the successful conduct of the business, and to accomplish the benevolent purpose of the association, that the secretary of the insurance department be accurately informed of the residence of each member, with a view to the proper service of notice of assessments, and their collection. The list required to be kept by the local secretary could perform no office, except as an aid to the defendant in its transactions with its members. In these respects the local secretary is in no sense the agent of the assured. The acts required are for the benefit of the assurer, not the assured, and are done by the authority of the company, not of the member. The imposition of such duties upon local secretaries constitutes them agents of the corporation, within the definition of the statute, for the purpose of service of process.

This defendant has taken out no license to do business within this state. It has appointed no attorney, as required by law, to accept service of process. It is doing business within the state unlawfully. It seeks to deprive a citizen of the state, claiming under contract made within the state, of that easy recourse to the judicial tribunals of the state which was designed to be secured to her by the law. The company insists that it may be called to account only in the courts of the state of Iowa with respect to contracts made with citizens of and within other states. As was said in *Railroad Co.* v. *Gallahue*, 12 Grat. 658:

. "It would be a startling proposition if in all such cases citizens of Virginia and others should be denied all remedy in her courts for causes of action arising under contracts and acts entered into or done within her territory, and should be turned over to the courts and laws of a sister state to seek redress."

I am not inclined, by any strained or narrow construction of the beneficent statutes of the state, or of the regulations of the defendant, to adopt a rule working such grievous consequences. Without stopping to consider the validity of the service upon the grand secretary while temporarily within the state, I am of opinion that the service upon the secretary of the subordinate division of the order within the state must be sustained. The motion will be overruled.