## Firemen's Insurance Co. v. Thompson.

1.   STATUTES—*Construction of—Service of Process.*—Under a statute of Wisconsin, providing that " Whoever solicits insurance on behalf of any insurance corporation, or transmits an application for insurance, or a policy of insurance to or from any such corporation, or who makes any contract of insurance, or collects or receives any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business for any insurance corporation, or advertising to do any such thing, shall be held an agent of such corporation to all intents and purposes, and the word ' agent' whenever used in this chapter, shall be construed to include all such persons," *it was held*, that foreign insurance companies doing business in that State must submit to the conditions of the law, and that service of summons upon an agent of such a company gave the court issuing it jurisdiction of the company.

**Memorandum.**—Action of debt. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration on a judgment of a sister State; pleas, *nul tiel record* and special plea denying service of process in the State of Wisconsin; trial by the court;

judgment for plaintiff; defendant appeals. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 8, 1894.

The opinion states the case.

APPELLANT'S BRIEF, WM. J. AMMEN, ATTORNEY.

A judgment of a court of another State, though having the faith and credit of a domestic judgment, may be impeached in the usual way for want jurisdiction of either the person of the defendant, or the subject-matter of the suit. Kings Co. Fire Ins. Co. v. Swigert, 11 Ill. App. 590; Welch v. Sykes, 3 Gilm. 197; Lawrence v. Jarvis, 32 Ill. 304; Jones v. Warner, 81 Ill. 343.

APPELLEE'S BRIEF, JACKSON & EATON AND H. I. WEED, ATTORNEYS.

Upon the question of jurisdiction obtained by service under such statutes as those of Wisconsin generally, appel-. lee cites the following authorities: Ehrmann v. Teutonic Ins. Co., 1 Fed. Rep. 471; Knapp v. National Mut. Ins. Co., 30 Fed. Rep. 601; Paul v. Virginia, 8 Wall. 168; Ducat v. Chicago, 10 Wall. 410; Chaperlori v. Continental Ins. Co., 132 U. S. 204.

In 67 Wis. 624, the court says: "Manifestly it was not the intention of the legislature that the right of serving process upon foreign insurance companies doing business within this State should be dependent upon their first taking out a license."

"The courts of other States have taken similar views of similar statutes." Gibbs v. Queen Ins. Co., 63 N. Y. 114; Ganzer v. Firemen's Ins. Co., 3 Minn. 372; Swan v. Insurance Co., 96 Pa. St. 37; Insurance Co. v. Huron Salt Co., 36 Mich. 346; Insurance Co. v. Kern, 8 Kans. 9; Pope v. T. H. C. & M. Co., 87 N. Y. 137; Osborne v. Shawmut Ins. Co., 51 Vt. 278; Nichols v. U. S. Mercantile R. R. Co., 74 Mo. 457; Swift v. State, 25 Am. Law Register (N. S.) 594; Lho-neaux v. Hong Kong & S. S. Corp., L. R., 33 Ch. Div. 446.

Foreign insurance companies are not compelled to do busi-

ness in Wisconsin. If they voluntarily choose to do so, however, they must submit to such conditions and restrictions as the legislature may see fit to impose. Fire Dep't v. Halfenstein, 16 Wis. 136; State ex rel., etc., v. Doyl, 40 Wis. 176.

A judgment rendered by a court of competent authority having jurisdiction of the parties and subject-matter in one State is conclusive on the merits in the courts of every other State. Black on Judgments, Sec. 857; Welch v. Sykes, 3 Gilm. 197; Bimeler v. Dawson, 4 Scam. 536; McJilton v. Love, 13 Ill. 486; Smith v. Smith, 17 Ill. 482; Bilton v. Fisher, 34 Ill. 32; Zepp v. Hagar, 70 Ill. 323.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case, small in amount involved, presents a question of great importance.

The appellant, a Chicago corporation, issued a policy against fire on the shingle mill of the appellee in Oshkosh, Wisconsin. A loss having occurred, he sued the appellant in the Circuit Court of Winnebago County, Wisconsin, in which county Oshkosh is, and recovered a judgment, upon which judgment this action was brought. The question is as to the jurisdiction of that Circuit Court over this body corporate, the appellant.

Without reciting in detail the evidence, we assume as proved, that there was a firm of L. S. Tuttle & Co., insurance agents, doing business in Oshkosh; that from the appellee they received an application for the insurance for which the policy issued; that they sent the application to insurance agents in Chicago, who, with it, applied to the appellant and received the policy, which they sent to the Oshkosh agents, who delivered it to the appellee; that the appellee paid the premium to the Oshkosh agents and they paid it to the Chicago agents, who paid it to the appellant; that the appellant knew only the Chicago agents in the transaction, and they knew only the Oshkosh agents.

The Wisconsin judgment was obtained on service in the mode provided by the statute of that State on one of the

firm of Oshkosh agents, but it does not appear that he personally received the application or premium from, or delivered the policy to, the appellee.  We shall pass over the question whether that feature of the case is important, as well as whether the service should have been on both members of the firm, as being merely technical, and consider only the one question of paramount importance.

A statute of Wisconsin in force when the policy issued is : " Whoever solicits insurance on behalf of any insurance corporation, or transmits an application for insurance, or a policy of insurance to or from any such corporation, or who makes any contract of insurance or collects or receives any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business for any insurance corporation, or advertising to do any such thing, shall be held an agent for such corporation to all intents and purposes, and the word ' agent' whenever used in this chapter, shall be construed to include all such persons."

The Wisconsin courts enforce this statute according to its letter, holding that service may " be made upon any one who does any of the acts designated for an insurance company."  State v. Northwestern Endow., etc., 62 Wis. 174; and that " foreign insurance companies are not compelled to do business in this State.  If they voluntarily choose to do so, however, they must submit to such conditions and restrictions as the legislature may see fit to impose."  State v. U. S. Mut. Acc., 67 Wis. 624.

Now, the appellant had notice by the application, that the risk was on fixed property in Wisconsin.  If it chose to accept the risk, it did so upon the terms which that State had prescribed.  It knew that in the ordinary course of business, the application had, or might have, been made to somebody doing an insurance business at Oshkosh, and that somebody would, or might, deliver the policy to the appellee.

Before the policy issued, was the time for the appellant to consider the liability it would incur under Wisconsin law, and the probability that it might provide a more ready

remedy for a loss under the policy, than to follow the insurance company to another State, and there present in detail the evidence of such loss. The policy of probably every State is to make such regulations as will insure a speedy and effective remedy to the assured when losses occur, and companies engaged in the business all know it. The judgment will therefore be affirmed.

We add that the case presents a question worthy of the consideration of the Supreme Court.