GUDE et al. v. DAKOTA FIRE & MARINE INSURANCE CO.

1. A complaint in an action upon a judgment rendered in another state, which alleges that the court in which the judgment was rendered was "a court of general jurisdiction," and that "the summons, together with a copy of the complaint in said action, was * * * duly and personally served on the * * * defendant in said action," states facts sufficient to admit in evidence a certified copy of the judgment roll in said action, although the complaint in that action failed to

state, in terms that the defendant corporation was doing business in that state or had an agent therein when the action was commenced.

2. Where an insurance company incorporated under the laws of this state, issued a fire insurance policy to parties in another state, insuring fixed property in that state, such corporation is subject in an action upon such policy, to the laws of that state as to the service of process upon such corporation.

(Syllabus by the Court.    Opinion filed Nov. 1, 1895.)

Appeal from circuit court, Lake county.    Hon. FRANK R.. AIKENS, Judge.

Action upon a foreign judgment.    From an order denying a new trial after verdict for plaintiffs, defendant appeals.    Affirmed.

The facts are stated in the opinion.

*Preston & Hannet,* for appellants.

Courts of another state will not receive as evidence of a foreign judgment in a suit brought upon it any record thereof which does not show upon its face that the defendant foreign corporation was doing business in the state.    Black on Judgment, Sec. 910; Henning v. Ins. Co. 28 Fed. 440.    Notice to the person soliciting the insurance is not, in the absence of authority from the company, notice to the company.    Mitchell v. Ins. Co. 5 Pa. St. 402; Chase v. Hamilton, 22 Barb. 524; Bartholemew v. Ins. Co., 25 Ia., 507; Heeley v. Ins. Co., 5 Nev. 306; Winnesheck v. Hoszgraffe, 55 Ill. 516; Devens v. Ins Co. 83 N. Y. 171.

*H. H. Keith,* for respondent.

Foreign judgments should have the same faith and credit given to them in every other state as they would have in the state where rendered.    Mills v. Duryee, 7 Cranch, 481; Hall v. Williams, 17 Am. Dic. 356; Hotchkiss v. Cutting, 14 Minn. 537; Fergelson v. Crawford, 70 N. Y. 261; Hampton v. McConnell, 3 Wheaton, 234.    If a corporation makes a contract in a state other than where chartered, it thereby submits itself to the jurisdiction of such state, so as to be sued according to the laws of such state. Colorado v. Sierra, 25 Pac. 325; Southern v. Wolverton, 19 S. W. 615; State v. Association, 31 N. W. 229; Norfolk v. Cottrell, 3 S. E. 123; Pope v. Terre Haute, 87 N. Y. 137; State v. Farmer, 5 N.

W. 610; National v. Brandenburgh, 40 N. J. L. 112; Maulin v. Ins. Co., 24 Id. 244; Bank v. Earle, 13 Peters, 519; Day v. Bank, 13 Vt., 97; Railroad v. Harris, 12 Wal. 65; Railroad v. Gallohue, 12 Grat. 655; Lafayette v. French, 18 How. 404.

CORSON, P. J.   This was an action upon a judgment rendered by default in the state of Minnesota.   The complaint is in the usual form.   The defendant answered, and after denying the allegations of the complaint, except the due incorporation of the defendant under the laws of this state, alleged, in substance, that, when the proceedings in the said action were commenced and the judgment rendered, the defendant was not served with process in said action, and had no notice of the pendency of the same, and that it had no agent in the state of Minnesota upon whom summons could be served.   The case was tried by the court without a jury, and the findings of fact, conclusions of law, and judgment were in favor of the plaintiff.   A motion for a new trial was made and denied, and the defendant appeals.

The appellant, an insurance company incorporated under the laws of this state, and having its principal place of business at Mitchell, in this state, issued a policy of insurance to the plaintiffs, upon an elevator and personal property therein, situated in the city of Duluth, state of Minnesota, insuring them against loss by fire.   The property having been destroyed by fire, the respondents Gude Bros., instituted an action in the district court of the county of St. Louis, in the state of Minnesota, upon the policy so issued, and recovered the judgment sued upon in this action.   No answer was filed or served by defendant in that action, and there was no appearance by any one on its behalf.   Upon the trial of this action the plaintiff offered in evidence a duly certified copy of the judgment roll filed in the district court of St. Louis county, in the state of Minnesota, which was objected to on the following grounds: "Defendant objects to the introduction of the papers named and offered in evidence, for the reasons:   First, that it does not appear from the complaint upon which said judgment was based that the

defendant was at the time said action was commenced doing business in the state of Minnesota; second, it nowhere appears in said complaint that the said defendant was at any time doing business in the state of Minnesota; third, it further appears in said judgment roll that no personal service was made upon said defendant, or upon any of the officers thereof, or upon any manager or agent thereof within the state of Minnesota; fourth, that it further appears from the complaint in the action upon which said judgment was obtained that the said defendant was a foreign corporation." The objection was overruled, and the defendant excepted, and the ruling of the court is assigned as error. This ruling of the court, in our · opinion, was correct. The plaintiffs allege in their complaint that the district court in which said judgment was rendered was a court of general jurisdiction, and that the "summons, together with a copy of the complaint in said action, was * * * duly and personally served on the above named defendant in said action." These allegations in the complaint were sufficient to admit the certified copy of the judgment roll in evidence. The ultimate facts that the court in which the judgment was rendered was a court of general jurisdiction, and that the summons and a copy of the complaint were duly and personally served upon the defendant, were all that it was necessary to allege in the complaint. The probative facts requisite to prove these ultimate facts were matters of evidence, and were not required to be set out in the complaint. The recitals in the judgment and accompanying affidavits were *prima facie* evidence, at least, of the facts giving the court jurisdiction. D'Arcy v. Ketchum, 11 How. 165; Insurance Co. v. French, 18 How. 404; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354.

The learned circuit court made and filed his findings of fact in the case at bar, the material parts of which are as follows: "(3) That on the 9th day of September, 1891, the said defendant * * * was, and for some time prior thereto had been, transacting insurance business in the state of Minnesota; that on the 9th day of September, 1891, in consideration of the payment by plaintiffs to

defendant of the premium of $30, the said defendant duly made, executed, and delivered to plaintiff its certain policy of insurance No. 19,423, upon the property of the plaintiff, situated in said Duluth, in said state of Minnesota; that said insurance was solicited of the plaintiffs, for and on behalf of said defendant, * * * by William O. Tillotson, acting as the agent of and for and on behalf of said defendant insurance company at said Duluth, and who delivered the policy of insurance to the plaintiffs, and who collected and received the premium therefor, and transmitted the same to the defendant at said Mitchell, in the state of South Dakota, and such premium was received and accepted by said defendant. And * * * which said summons, together with the plaintiff's complaint in said action, was thereafter, and on the 7th day of March, 1892, at the city of Duluth, in said St. Louis county and state of Minnesota, duly and personally served upon the above named defendant in said action, the Dakota Fire & Marine Insurance Company, by delivering to and leaving with the said William O. Tillotson, being the same person mentioned in finding No. 3, true and correct copies of said summons and complaint." The learned counsel for the appellant contend that these findings are not supported by the evidence; but, as we fail to discover in the record any specifications of the particulars in which such evidence is claimed to be insufficient to support the findings, we are compelled to disregard this assignment of error, and hold that the findings are conclusive upon this court. Assuming, then, that the findings of the court are correct, we shall not discuss the evidence.

The counsel for the appellant contend that the service upon said Tillotson was not such a service as gave that court jurisdiction to render a judgment binding upon the courts of this state: (1) Because it does not affirmatively appear from the record in that action, nor in the findings of the court in the case at bar, that the defendant was doing business in that state at the time this action was commenced; and (2) because the service made was not upon an agent of the defendant authorized to do any act binding upon the defendant, other than soliciting insurance in its behalf,

and that service upon such an agent is not sufficient to give the court jurisdiction. The counsel for the respondents contends that, as the service made as found by the court conformed strictly with the requirements of the laws of Minnesota, the judgment is valid in that state, and that it is therefore entitled to have given to it the same faith and credit in this state that is given to it in the state where rendered. We are inclined to the opinion that the proposition of respondents' counsel is correct when applied to foreign corporations doing business in a state. The law of Minnesota relating to service in such case is as follows: "Service of summons in any action against an insurance company not incorporated under and by virtue of the laws of this state shall, in addition to the mode now prescribed by law, be valid and legal, and of the same force and effect as personal service on a private individual, if made by delivering a copy of the summons and complaint, or the summons alone, to any person who shall solicit insurance on behalf of any such insurance corporation, or property owner, or who transmits an application for insurance, to or from any such insurance corporation, or who makes any contract for insurance, or collects or receives any premium for insurance, or who adjusts or settles a loss, or pays the same for such insurance corporation, or in any manner aids or assists in doing either." Rev. St. 1894, Sec. 3158.

While a mere soliciting agent of an insurance company may not possess the power to bind such company by his acts not strictly within the scope of his authority, yet it is competent for a state to provide that service upon such soliciting agent of a foreign insurance company shall be held and taken as due service upon the company. This is upon the theory "that a corporation of one state cannot o business in another state without the latter's consent, express or implied, and that consent may be accompanied with such conditions as it may deem proper to impose." St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354. In that case the court further says: "If a state permits a foreign corporation to do business within her limits, and at the same time provides that, in suits

against it for business there done, process shall be served upon its agents, the provision is to be deemed a condition of the permission; and corporations that subsequently do business in the state are to be deemed to assent to such condition as fully as though they had specially authorized their agents to receive service of the process." In the earlier case of Paul v. Virginia, 8 Wall. 168, the same court uses the following language: "The corporation, being the mere creation of local law, can have no legal existence beyond the limits of the sovereignty where created. As said by this court in Bank of Augusta. v. Earle, 'It must dwell in the place of its creation, and cannot migrate to another sovereignty.' The recognition of its existence even by other states, and the enforcement of its contracts made therein, depend purely upon the comity of those states—a comity which is never extended where the existence of the corporation or the exercise of its powers is prejudicial to their interests or repugnant to their policy. Having no absolute right of recognition in other states, but depending for recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those states may think proper to impose." In State v. United States Mut. Acc. Ass'n., 67 Wis. 624, 31 N. W. 229, and in State v. Northwestern E. & L. Ass'n, 62 Wis. 176, 22 N. W. 135, the supreme court of Wisconsin held a similar law in Wisconsin valid, and service made in pursuance of its requirements binding upon the defendant. In the former case, CASSODAY, J., has written a very exhaustive and instructive opinion. In Insurance Co. v. Thompson, 40 N. E. 488, decided by the supreme court of Illinois in April, 1895, that court holds that a judgment rendered by the district court of Wisconsin, in a case where the service was made in substantially, if not identically, the same manner as the one we are considering, was a valid judgment, and entitled to have given to it the same faith and credit given to it in Wisconsin. As both the court of appeals and the supreme court arrived at the same conclusion, the decision is entitled to great consideration. The fact that the insurance in the case at bar was upon fixed property

described in the policy as situated in Duluth, in the state of Minnesota, fully apprised the defendant that the risk which it assumed to carry was in that state; and if it did not desire to contract insurance in that state subject to the conditions imposed by its laws it should not have received the premium and issued the policy to citizens of that state. If it choose to accept the risk, it did so upon the terms prescribed by the laws of that state. By assuming the risk within the state of Minnesota, it involuntarily submitted itself to the laws of that state. The recitals in the record show, we think, and the learned circuit judge so found, that the service was in strict conformity with the laws of that state. This being so, the judgment is entitled to have the same credit and faith given to it in this state which it has in the state where rendered. It need scarcely be said that a different rule applies to corporations from that applied to individuals. "A corporation, being an artificial being, can act only through agents, and only through them can be reached, and process must therefore be served upon them." St. Clair v. Cox, *supra.* Hence, it being competent for a state, as a condition upon which it will permit corporations to do business within its jurisdiction, to prescribe who shall, for the purposes of serving process upon such corporation, represent it in the state, service upon such person must ordinarily be deemed sufficient.

The respective counsel have cited and discussed numerous authorities in their briefs, but, in the view we take of the case, a review of these authorities is not necessary in this opinion. We, however, give a few of those cited bearing upon the questions discussed, in addition to those heretofore referred to: Pennoyer v. Neff, 95 U. S. 714; Hart v. Sansom, 110 U. S. 151, 3 Sup. Ct. 586; Henning v. Iusurance C., 28 Fed. 440; Colorado Iron Works v. Sierra Grande Min. Co., (Colo. Sup.) 25 Pac. 325; Southern Ins. Co., of New Orleans v. Wolverton Hardware Co. (Tex. Sup.) 19 S. W. 615; Railroad Co. v. Cottrell, (Va.) 3 S. E. 123; Pope v. Manufacturing Co., 87 N. Y. 137. The judgment of the court below is affirmed

Kellam, J., took no part in the decision.