## The Home Insurance Co. v. George Davis and another.

*Insurance : Foreign corporation : Citizenship.* A foreign corporation is not a citizen of the state creating it, except in a qualified sense; and it can do no business in any other state, except on such conditions as the latter sees fit to impose.

*Foreign corporations : State courts : Federal courts : Transfer of causes.* A condition that such a corporation shall submit itself to the jurisdiction of the state courts is lawful, and precludes the right of transferring causes from a state court to a court of the United States.

*Submitted on briefs April 23. Decided April 23.*

Error to Manistee Circuit.

*G. V. N. Lothrop*, for plaintiff in error.

*Ramsdell & Benedict*, for defendants in error.

CAMPBELL, J.

The errors assigned in this case all relate to the refusal of the circuit court of Manistee county to allow a transfer to the circuit court of the United States for the western district of Michigan.

Apart from the question whether the proceedings were in accordance with the terms of the acts of congress, the point presented is precisely the same which arose in the case of *Glens Falls Insurance Co. v. Judge of Jackson Circuit Court, 21 Mich. R., 579.* The plaintiff in error is a foreign insurance company doing business in this state upon the express condition of submitting itself to the jurisdiction of the courts of the state. We held in that case, for reasons there given, that the acceptance of such a condition precluded the company from repudiating its obligation. The condition is a part of every contract made by the company in this state, as plainly as if it were an agreement to arbitrate, and were inserted in terms. The state courts are tribunals which the parties have themselves selected by their deliberate assent to do business under the statute.

The plaintiff in error claims that since that decision the supreme court of the United States has, by a decision in the case of *Railway Co. v. Whitton, 13 Wall., 285*, held such a condition inoperative.

We see no analogy between the two cases. In that case a law of Wisconsin, having no more reference to corporations than to private persons, and reaching all persons alike, had given a civil remedy for tortious acts causing the death of human beings, and had provided for its enforcement in the state courts by the usual remedies applicable to any torts. There was no principle involved in the case which might not just as well have confined all statutory rights not requiring special remedies, to the state tribunals.

But under the constitution of the United States the rights of non-resident citizens must be the same as those of resident citizens in such cases; and the same constitution has provided that remedies between citizens of different states may be urged in the courts of the United States; and this right cannot be taken away in cases coming within the usual judicial powers, where the cause of action has not been created with a special and peculiar remedy as a part of it.

If a foreign corporation stood in the same right as an individual, that decision would perhaps apply. But while, for certain jurisdictional purposes, a corporation is called a " citizen " of the state which charters it, the authorities are uniform in denying it the rights of actual citizens any where else. It is competent for any state to prescribe any conditions it chooses to prescribe, within which foreign corporations must act if they act at all. It may exclude them entirely if it sees fit so to do, and may invalidate all their acts done within its borders and without its permission. We do not think any line can be drawn which will restrict such a right in the state in such a way as to preclude it from imposing terms or tribunals for the settlement of legal controversies arising out of contracts made under such laws. The power exists to prevent the making of corporate contracts entirely, or to require any terms deemed expedient. The company cannot accept the authority and avoid the condition. It is not compelled to do business unless it chooses, and its action is entirely voluntary. It is deprived of no right whatever by the statute. It is only held to act within the conditions of its legal existence.

We think there is nothing to change the rule recognized in the case of the *Glens Falls Insurance Co.* The other questions become unimportant.

The judgment must be affirmed, with costs.

COOLEY and CHRISTIANCY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.