THE FIRST NATIONAL BANK OF DETROIT v. GEORGE A. BURCH, PRINCIPAL DEFENDANT, AND THE SUPREME SITTING OF THE ORDER OF THE IRON HALL, GARNISHEE DEFENDANT.

[See 76 Mich. 608.]

*Garnishment—Foreign corporations—Service—Comity of states.*

1. The mode of service of garnishee process upon foreign corporations is absolutely within the discretion of the Legislature; and their right to do business in this State is dependent upon a compliance with Act No. 266, Laws of 1889, which authorizes such service to be made upon any officer or agent of the corporation found within this State, whether here upon corporate business or not.

2. A disclosure made and filed by a recognized agent of a foreign corporation, after service of garnishee process under Act No. 266, Laws of 1889, admitting the liability of the principal, is binding upon the corporation.

3. The fact that a foreign corporation is exempt from process of garnishment under the laws of its home state will not exempt it from such process when doing business in this State.

Error to Wayne.   (Reilly, J.)   Argued April 10, 1890. Decided April 18, 1890.

Garnishment proceedings.   Defendants bring error. Affirmed.   The facts are stated in the opinion.

*J. W. Donovan*, for appellant Burch.

*George F. Beasley*, for garnishee appellant.

*Gray & Gray*, for plaintiff.

Long, J.   This is a garnishment proceeding under the statute, and process was served under the provisions of Act No. 266, Laws of 1889, on the deputy supreme justice, an agent of the garnishee defendant at Detroit, this State.

The proceedings were commenced in the Wayne circuit court; and, after the service of process, one Isaac E. Brown, for and in behalf of the garnishee, made the following disclosure:

"The answer and disclosure of Isaac E. Brown, one of the officers and agents of the Supreme Sitting of the Order of the Iron Hall, said garnishee defendant, being duly sworn, says that the garnishee defendant above named is a corporation under the laws of the state of Indiana, and doing business under the laws of the State of Michigan, and that the principal business offices of said order are located at Indianapolis, Ind.

"This defendant further says that he is the supreme trustee, an officer and agent of and for said garnishee defendant in this cause, and is familiar with the facts in relation thereto; and at the time of the service of the garnishee summons in this cause, to wit, October 30, 1889, the said garnishee defendant was indebted to the said principal defendant, George A. Burch, in the sum of, to wit, seven hundred dollars, as near as he can estimate the same, and that it had no other property, moneys, or effects in its hands, or under its control, or within its knowledge, belonging to said principal defendant.

"And this defendant further says that the seven hun-

dred dollars herein mentioned and disclosed is the same seven hundred dollars heretofore mentioned in three several disclosures made in the justices' courts of Detroit in causes similarly entitled to the suit herein, and that he is informed and believes that the principal defendant herein is a married man, and a householder, and that the indebtedness from the garnishee defendant to the principal defendant is for moneys due upon a certificate of membership held by said principal defendant in said corporation, garnishee defendant, the Supreme Sitting of the Order of the Iron Hall, which corporation, garnishee defendant herein, is a benevolent, charitable, and fraternal association."

The actions against the principal defendant were commenced in justice's court, and, after obtaining judgments there, they were removed to the circuit court of Wayne county, by filing transcripts of such judgments, amounting in all to the sum of $603.34 at the date of the trial of the garnishee proceedings in the circuit court; the proceedings in the present case being upon one of such transcripts, and judgment being taken against the garnishee defendant for the sum of $166.27. The garnishee defendant, as well as the principal defendant, bring the cause to this Court by writ of error; both causes being heard as one. The judgment upon which the garnishee proceeding was commenced is not attacked. The disclosure was filed on November 19, 1889. Plaintiff filed a claim for trial of the statutory issue respecting the garnishee's liability; and on January 8, 1890, judgment was entered in favor of plaintiff for the sum above named.

Only two questions are raised in this Court:

1. That the service of the writ of garnishment is not such a service as is required by the laws of this State.

2. That the funds garnished are charitable, fraternal, benevolent, and beneficiary funds, and, in the hands of a beneficiary society, like the garnishee defendant, are not subject to garnishment or attachment.

The first point is not well taken. The return of the

officer shows that the process was served on an officer of the corporation within this State. Such service is provided for by Act No. 266, Laws of 1889, which provides that—

"If a foreign corporation, the writ of garnishment may be served upon any officer or agent of the corporation * * * found within this State, whether said officer or agent be in this State upon the business of said corporation or not; and said officer or agent shall make disclosure, and the same shall be considered the answer of the corporation," etc.

The Legislature has thus fixed the mode of service of garnishee process; and the statute, under such service, compels disclosure. This is absolutely within the discretion of the Legislature, and the right of a foreign corporation to do business within this State is dependent upon a compliance with our statute. The service of the process was therefore properly made, and conferred upon the court jurisdiction to hear the case. But the case does not rest here. Mr. Brown, as the recognized agent of the corporation, made and filed the disclosure admitting liability, and the corporation is bound by it.

Under the second objection, it is claimed that the statute of Indiana exempts this garnishee defendant from garnishment, in that it is a benevolent and charitable association. The garnishee defendant was organized under section 2, subd. 5, chap. 281, of the Revised Statutes of Indiana, for the year 1876, as amended by the act of 1881, which conferred upon a certain number of persons the right—

"To organize lodges or other bodies of Masons or Odd-Fellows, according to their respective laws; also, divisions or associations of temperance, or other charitable associations or orders," etc.

Section 1, chap. 4, of the Laws of Indiana, passed in 1877, provides—

"That all benefits, claims, or interests on account of certificates of membership, policies, or other evidence of interest, in any Masonic, Odd-Fellows, or other benevolent or charitable association, society, or incorporation organized and incorporated under the laws of this state,—*Provided,* such association, society, or incorporation is organized for the purpose of mutual benefit, for benevolent or charitable purposes, or for the purpose of mutual life insurance; *And Provided,* such benefits, claims, or interests are made in favor of the wife, child, or children, or other dependents, of the holder of such certificate, policy, or evidence of interest,—shall be, and are hereby, made exempt from all claims of creditors and all judgments and all other claims against the holder of such certificate, policy, or other evidence of interest. All such benefits, claims, or interest made for the benefit and protection of the wife, child, or children or dependents of parties so insured, or members of such society so organized and incorporated, shall be for the sole use and benefit of the parties named as beneficiaries or payees in the policy or certificate of membership issued by such society, association, or incorporation," etc.

Counsel may be correct in the conclusion that under these statutes the fund held by the garnishee defendant is exempt from process of garnishment in the state of Indiana. Upon that question we express no opinion. It is a question purely for that jurisdiction. But the statute has no extraterritorial force. When a foreign corporation comes within this State, and seeks to carry on its business here, it must do so in compliance with our laws. A corporation created by a state is a mere creation of local law. Even the recognition of its existence by other states, and the enforcement of its contracts made therein, depend purely upon the comity of those states,—a comity which is never extended where the existence of the corporation, or the exercise of its powers, is prejudicial to their interests, or repugnant to their policy. *Home Insurance Co. v. Davis,* 29 Mich. 238; *Hartford Fire Insurance Co. v. Raymond,* 70 Id. 485 (38 N. W. Rep.

474). By the express terms of the garnishee law of this State, any corporation, domestic or foreign, other than municipal, may be garnished. Act No. 266, Laws of 1889. If we should apply the statute of Indiana above cited, and exempt the funds in the hands of this garnishee defendant because exempted under the laws of the state of Indiana, it would be putting a foreign corporation upon a better footing in this State than our own domestic corporations. We have no statute in this State exempting such funds.

It has been repeatedly held, and there seems to be no conflict of authority, that the corporations of one state have no right to exercise their franchises in another state except upon the assent of such other state, and upon such terms as may be imposed by the state where the business is to be done. The conditions imposed may be reasonable or unreasonable. They are absolutely within the discretion of the Legislature. *Hartford Fire Insurance Co. v. Raymond, supra,* and cases there cited.

It follows that the judgment of the court below must be affirmed, with costs.

The other Justices concurred.