105    57
s62ᴺᵂ1119
132   ²227
105   -57
147   397

THE MOLINE PLOW COMPANY v. JAMES M. WILKINSON, STATE TREASURER.

*Constitutional law—Foreign corporations—Franchise fee.*

1. Act No. 79, Laws of 1893, which requires every foreign corporation or association permitted after the passage of said act to transact business in this State, which had not, prior to the passage of said act, filed or recorded its articles of asso-

ciation under the laws of. this State, and been thereby authorized to do business therein, to pay a designated franchise fee, and voids all contracts made in this State after January 1, 1894, by any foreign corporation not complying with said act, is not in conflict with subdivision 3, § 8, art. 1, of the Constitution of the United States, which provides that "the Congress shall have power to regulate commerce with foreign nations and among the several states," etc.[1]

2. Said act does not apply to foreign corporations whose business within this State consists merely of selling through itinerant agents, and delivering, commodities manufactured outside of this State (*Coit & Co. v. Sutton*, 102 Mich. 324); but where a corporation so engaged files a copy of its articles of association in this State, and pays the specified franchise fee under protest, *mandamus* will not lie to compel the repayment thereof.

*Mandamus.*    Argued  February  26,  1895.    Denied April 16, 1895.

Relator applied for *mandamus* to compel respondent to refund to it the amount paid as a franchise fee.    The facts are stated in the opinion.

*John T. McCurdy*, for relator.

*Fred A. Maynard*, Attorney General, for respondent.

LONG, J.    Petition is filed asking the writ of mandamus to compel the respondent, the State Treasurer, to pay back to relator the sum of $400, paid by it under protest, as a franchise fee, in compliance with Act No. 182, Laws of 1891, as amended by Act No. 79, Laws of 1893.   The relator is a corporation organized and existing under the laws of the state of Illinois, with its principal office at Moline, in that state.    It is doing business in this State.   The petition shows that about February 6, 1894, it forwarded to the Secretary of State of this State a copy of its articles of association, together with a draft for $400, being the amount of its franchise fee,

[1] As to the exclusion of foreign corporations, or conditions of admitting them, see note to *Cone Export & Commission Co. v. Poole* (S. C.), 24 L. R. A. 289.

as provided by the act of 1893, and that such fee was paid under protest accompanying such draft. Demand was thereafter made for the repayment of the money.

Relator claims to be doing business in this State through itinerant agents, whose duty it is to solicit orders and sell goods manufactured in Illinois. It claims that the act of 1893, above referred to, is unconstitutional, as being in conflict with subdivision 3, § 8, art. 1, of the Constitution of the United States, which provides that—

"The Congress shall have power to regulate commerce with foreign nations and among the several states," etc.

This contention cannot be sustained. In *Horn Silver Mining Co. v. New York*, 143 U. S. 305, 314, it was said:

"As to a foreign corporation—and all corporations in states other than the state of its creation are deemed to be foreign corporations—it can claim a right to do business in another state to any extent, only subject to the conditions imposed by its laws. As said in *Paul v. Virginia*, 8 Wall. 168, 181, 'the recognition of its existence even by other states, and the enforcement of its contracts made therein, depend purely upon the comity of those states,—a comity which is never extended where the existence of the corporation or the exercise of its powers is prejudicial to their interests or repugnant to their policy.' "

The rule was stated by this Court in *Home Ins. Co. v. Davis*, 29 Mich. 238, that—

"A foreign corporation is not a citizen of the state creating it except in a qualified sense; and it can do no business in any other state except on such conditions as the latter sees fit to impose."

See, also, *State Treasurer v. Auditor General*, 46 Mich. 224.

The strictly legal existence, by force of obligatory law, of a corporation, is confined to the state which created it and endowed it with its powers, capacities, and

rights, which it can only exercise in another state by the permission, express or implied, of the legislative power thereof. *Thompson v. Waters*, 25 Mich. 214; *Hartford Fire Ins. Co. v. Raymond*, 70 Id. 507.

The statute (Act No. 79, Laws of 1893) provides, among other things, that every corporation hereafter organized under the laws of this State, and every foreign corporation which shall hereafter be permitted to transact business in this State, shall pay a franchise fee of one-half of one mill upon each dollar of its authorized capital stock, etc.

It is claimed, however, that this act was held unconstitutional in the case of *Coit & Co. v. Sutton*, 102 Mich. 324. The validity of the act was not questioned in that case. It was held not to apply to the facts there stated. The party there was simply selling goods within this State manufactured by a foreign corporation. The corporation was not asking to have its articles of incorporation filed within this State. It was said that the act in question did not apply to foreign corporations whose business within this State consisted merely of selling through itinerant agents, and delivering, commodities manufactured outside of this State. Here the relator not only sells its products through itinerant agents, but it comes within the State, asking to have its articles of association filed here, and that it may be put on the same footing with our own home corporations. The act gives the foreign corporation the same privileges as domestic ones, but provides that it must comply with the act by paying the franchise fee which a domestic corporation must pay. The relator has had its articles of association filed here, has paid the franchise fee provided by the act, and is not entitled to have its money repaid.

The writ must be denied.

The other Justices concurred.