ALLEN *v.* HAMBURG-BREMEN FIRE INSURANCE CO.

GARNISHMENT — SUPPLEMENTAL  DISCLOSURE — INSURANCE  COM-
PANIES.

> A judgment may be rendered against a foreign insurance com-
> pany, as garnishee, upon a supplemental disclosure by its
> general agent acknowledging an indebtedness to the principal
> defendant to an amount equal at least to plaintiff's claim,
> made when he was served with a summons to show cause why
> judgment should not be rendered against the company after
> its failure to appear on the day to which an adjournment was
> taken, by consent of its attorney, for the purpose of obtaining
> a supplemental disclosure, although the original disclosure,
> understood by the parties to be incomplete, showed no in-
> debtedness.

Error to Saginaw; Wilber, J.   Submitted June 7, 1899.
Decided July 11, 1899.

Garnishment proceedings by William H. Allen and
Orville C. Allen against the Hamburg-Bremen Fire In-
surance Company of Hamburg, Germany, as garnishee
of Benjamin S. Krupp.   From a judgment for plaintiffs,
defendant brings error.   Affirmed.

*Lincoln E. Bradt*, for appellant.

*John F. O'Keefe*, for appellees.

HOOKER, J.   The plaintiffs began garnishment pro-
ceedings against the defendant, a foreign insurance com-
pany, before a justice of the peace; a judgment against
the principal debtor having been theretofore rendered.
On the return day the parties appeared,—the defendant,
by its general agent, William B. Baum; and at his request
the case was adjourned.   On the day to which the case
was adjourned, both parties appeared by attorneys, and
the defendant filed a written disclosure, denying its in-

debtedness.   At this time counsel for the defendant stated that there was some controversy between the principal debtor and the garnishee defendant concerning the indebtedness of the latter to the former, and that it would probably be adjusted soon; and at the request of plaintiffs' attorney, and without objection on the part of the defendant's attorney or agent, the cause was adjourned for a further disclosure to November 18th.   Upon that day the justice was in attendance upon the circuit court as a witness, and the case was treated as continued two weeks, at which time the plaintiffs appeared.   No one appeared for the defendant, and a summons was issued, requiring defendant to appear and show cause why judgment should not be rendered against it.   This was served upon Baum, its general agent, who appeared for the defendant, and stated under oath that, at the time the original summons was issued, he was the duly-authorized agent for the defendant, and was still its agent, having charge of its business in and around Saginaw, and that it had issued a policy of insurance for $500 upon the property of the principal defendant, which remained in force at the time said property was destroyed by fire, and that under its terms the defendant was indebted to the principal defendant in at least the amount claimed by plaintiffs, and that he had no knowledge that the same had been paid.   A declaration was filed, to which no plea was filed or defense made, and judgment was rendered against the garnishee defendant for $62, inclusive of costs.   This judgment was removed to the circuit court by *certiorari*, where it was affirmed.   The defendant brings it to this court by writ of error.

As we view the return, it shows that the defendant appeared upon the return day both by the agent served with process and by attorney.   Under the statute it was the duty of the former to make disclosure, and this was in part done; but it is apparent that it was not considered as complete, and an adjournment was taken to permit a further disclosure.   This was subsequently made, and we

think that the record shows sufficient to justify the finding of. an indebtedness. This disclosure was not made on the adjourned day, for the garnishee did not appear. It cannot be that the court lost jurisdiction by the failure of the garnishee to appear, and it is obvious that the agent, who, under the statute, was in duty bound to represent the defendant, so understood it. See *First Nat. Bank* v. *Burch*, 80 Mich. 245. On being summoned to show cause, he came in and made his supplemental showing, and made no opposition to the entry of judgment. It is insisted that the court should have acted upon the first, and incomplete, disclosure, but we think otherwise, for the disclosure was not understood to be complete. Upon being summoned to show cause, the garnishee made a supplemental disclosure. This the garnishee might lawfully do. *Drake* v. *Railway Co.*, 69 Mich. 168 (13 Am. St. Rep. 382).

We are of the opinion that the judgment of the circuit court was correct. It is therefore affirmed.

The other Justices concurred.