POLLOCK *v.* GERMAN FIRE-INSURANCE CO.

|132|225|
|p134|216|
|132|225|
|145|523|

1. FOREIGN CORPORATIONS—REGULATION OF BUSINESS OF FIRE-INSURANCE COMPANIES.

An insurance corporation organized in another State can only be admitted to do business in this State upon such terms as this State may see fit to impose.

2. SAME—CONSTITUTIONAL PRIVILEGES.

The imposition of terms upon an insurance company of another State not imposed upon insurance companies organized in this State does not violate the fourteenth amendment to the Constitution of the United States.

3. SAME.

2 Comp. Laws, § 7246, does not violate the fourteenth amendment to the Constitution of the United States, in imposing conditions upon insurance companies of other States not imposed upon insurance companies of this State; the courts of this State having adopted the same rule in regard to domestic corporations.

Error to Wayne; Hosmer, J. Submitted January 7, 1903. (Docket No. 8.) Decided February 3, 1903.

*Assumpsit* by Henry B. Pollock, Charles A. Pettibone, and William H. Chapman, copartners as Pollock, Pettibone & Chapman, against the German Fire-Insurance Company of Pittsburg, Pennsylvania, on a policy of insurance. From a judgment for plaintiffs on verdict directed by the court, defendant brings error. Affirmed.

*Tarsney & Fitzpatrick*, for appellant.

*Fred H. Warren*, for appellees.

GRANT, J. For a statement of this case, see 127 Mich. 460 (86 N. W. 1017).

Upon the second trial the court below directed a verdict for the plaintiffs. The facts in this record are identical

with those upon the former record, except in one particular. Upon the second trial two witnesses, clerks in the office of Mr. Gaukler, testified that they received no communication from Bierce & Sage by telephone notifying him that plaintiffs were moving, and desired to have their policy transferred. These two witnesses were the only two lady clerks in Gaukler's employ at the time. Mr. Sage testified that he called up Gaukler's office by telephone; that a lady answered the call, and he gave her the information. It appears from the testimony that telephonic communications with Mr. Gaukler's office upon the subject of insurance were almost daily; that a book was kept, in which to record these requests or orders; and that no order or request appeared upon the book. Mr. Sage's testimony is positive that he did have a conversation with a clerk in Mr. Gaukler's office, and gave her the information. It is not improbable, notwithstanding the positive testimony of these two witnesses, that Mr. Sage did communicate the request to one of them. Their testimony is based to a great extent upon the fact that they were accustomed to enter such requests upon the record book, and that no such entry was found. But this question becomes immaterial, in view of the decision at the former hearing. We there held distinctly that Bierce & Sage were the agents of the defendant. There is nothing in this case to change the facts upon which that opinion was based. It has, therefore, become the law of the case.

The only new question presented is, in the language of defendant's counsel:

"If the effect of the statute in this case is to make Bierce & Sage the agents of the defendant, and to conclude the defendant by their acts, then it violates the fourteenth amendment of the Constitution of the United States, and is void, * * * because it singles out foreign fire and inland navigation insurance companies, and imposes upon them in the conduct of their business legitimate terms, conditions, restrictions, and limitations that are not imposed upon domestic companies transacting like business in this State, or upon other foreign companies."

The clause of the statute referred to reads as follows:

"The term 'agent' or 'agents,' used in this section, shall include any acknowledged agent, surveyor, broker, or any other person or persons who shall in any manner aid in transacting the insurance business of any insurance company not incorporated by the laws of this State." 2 Comp. Laws, § 7246.

This contention cannot prevail. "The corporation, being the mere creation of local law, can have no legal existence beyond the limits of the sovereignty where created." *Paul* v. *Virginia*, 8 Wall. 168, 181. "It [the corporation] must dwell in the place of its creation, and cannot migrate to another sovereignty." *Bank of Augusta* v. *Earle*, 13 Pet. 588. It follows, and such is the universal current of authority, that corporations can only be admitted to do business in other States than those where created upon such terms as those States may see fit to impose. Usually no such conditions are imposed upon home corporations. *Philadelphia Fire Ass'n* v. *New York*, 119 U. S. 110 (7 Sup. Ct. 108); *Crutcher* v. *Kentucky*, 141 U. S. 59 (11 Sup. Ct. 851).; *New York Life Ins. Co.* v. *Cravens*, 178 U. S. 395 (20 Sup. Ct. 962); *Pembina Consol. Silver Mining & Milling Co.* v. *Pennsylvania*, 125 U. S. 181 (8 Sup. Ct. 737); *Home Ins. Co.* v. *Davis*, 29 Mich. 240; *Hartford Fire Ins. Co.* v. *Raymond*, 70 Mich. 501 (38 N. W. 474); *First Nat. Bank of Detroit* v. *Burch*, 80 Mich. 247 (45 N. W. 93); *Moline Plow Co.* v. *Wilkinson*, 105 Mich. 57 (62 N. W. 1119). The statute does no more than to provide who shall be the agent or agents of these foreign insurance corporations doing business within this State. Aside from this, however, we think the objection is not valid because the courts of this State have virtually adopted the same rule in regard to domestic corporations. *McGraw* v. *Insurance Co.*, 54 Mich. 145 (19 N. W. 927).

The judgment is affirmed.

The other Justices concurred.