BODY and another, Respondents, vs. THE HARTFORD FIRE INSURANCE COMPANY, Appellant.

*April 4 — April 28, 1885.*

63  157
75  527
63  157
78  592
63  157
95  234

INSURANCE AGAINST FIRE. *(1) Agency: Cancellation of policy. (2) Refusal to insure: Fraud.*

1. One who was employed by the assured merely to procure the insurance is not his agent to receive notice of cancellation and return of premium.
2. The fact that a company has refused to insure certain property does not show fraud on the part of the owner in accepting a policy from the local agent of such company a few weeks later.

APPEAL from the County Court of *Winnebago* County.

Action on a policy of insurance against loss by fire. The plaintiff *Body* owned and occupied premises in Clintonville, Waupaca county, Wisconsin. The plaintiff *Lawson* held a mortgage on the property. In December, 1883, *Body* applied to one Philipps, who was the local agent at Clintonville for three insurance companies, but not of the defendant company, for $6,000 insurance upon such buildings and their contents. Philipps agreed to take the risk in the companies which he represented, and *Body* paid him the required premium therefor. Philipps thereupon issued a policy in each of his companies for $2,000. When the transaction was reported to those companies, one of them refused to take a risk on the property in excess of $1,000, and canceled that amount of the risk. Thereupon Philipps agreed to obtain a policy for an additional $1,000 in some other company. He applied to one Sellick, who was the agent at Waupaca of the Phœnix Insurance Company of Brooklyn, and of the defendant company, and Sellick took the risk and issued a policy in the Phœnix Company. The agents' commission thereon was divided between Philipps and Sel-

lick.   The Phœnix Company refused to carry the risk, its policy was canceled, and the policy in suit was issued by Sellick in the place of it and delivered to Philipps, who notified *Body* of the fact.   The latter made no objection. By the terms of the policy, the risk commenced December 21, 1883, and was for one year.   Under the date of December 27, 1883, Sellick notified Philipps that the defendant company refused to carry the risk, and returned to him the premium received, with a request that Philipps return the policy.   Philipps received this letter on the 31st of December, and the property was destroyed by fire the following day.   The policy remained in the hands of Philipps, and *Body* had no notice of the attempted cancellation thereof until after the property was burned.

In November, 1883, *Body* applied to the agent of the defendant company at Clintonville for insurance, but the company declined to take the risk.

The county judge held that notice to Philipps of the attempted cancellation of the policy, and the return of the premium to him, was not an effectual cancellation of the policy.   The plaintiff had a verdict for the sum written in the policy, and interest.   A motion for a new trial was denied, and judgment entered pursuant to the verdict.   The defendant appeals.

For the appellant the cause was submitted on the brief of *J. W. Lusk.*

For the respondents there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.   To the point that even if Philipps was the agent of the plaintiff *Body* to procure the insurance, he was not his agent to terminate the risk, and there was therefore no cancellation, they cited Wood on Ins. 232; *Van Valkenburgh v. Lenox F. Ins. Co.* 51 N. Y. 465; *Xenos v. Wickham*, L. R. 2 H. L. 296; 5 Jacob's Fisher's Digest, 7691.

Body and another vs. The Hartford Fire Ins. Co.

LYON, J. After the decisions of this court in *Schomer v. Hekla F. Ins. Co.* 50 Wis. 575; *Knox v. Lycoming F. Ins. Co.* 50 Wis. 671; and *Alkan v. New Hampshire Ins. Co.* 53 Wis. 136,— it would be difficult to demonstrate that, for the purposes of the policy in suit, Philipps was not the agent of the defendant insurance company under the provisions of sec. 1977, R. S., as amended by Laws of 1880, ch. 240, sec. 5 (San. & B. Supp. 433). The following extract from the opinion in the case last above cited well illustrates the application of that statute to the present case: "The assured, by his agent, applied to one Weil, an insurance agent, to insure the distillery property. Weil did not place the risk with any company which he represented, but placed it in companies represented by other agents,— the defendant company being one of them. There was no communication on the subject between the plaintiff and the regular agents of the latter company; at least, none is proved. His negotiations were exclusively with Weil. These facts are undisputed, and they make Weil the agent of the defendant company in respect to this insurance, by virtue of R. S. 584, sec. 1977; for, most assuredly, he aided and assisted in transmitting an application for insurance by the plaintiff to that company, and the policy in suit from it to the plaintiff." To make the application complete it is only necessary to add that Philipps received compensation for his services out of the premium paid by *Body*, thus bringing the case within the amendment of ch. 240, Laws of 1880.

If the above suggestions are correct, it is plain that the policy in suit was never canceled; for, certainly, an insurance company cannot cancel its policy by a notice and return of premium to one who, in respect to such policy, stands in the relation of its own agent,— the assured being entirely ignorant of the attempted cancellation of the policy until after his property has been burned.

We do not, however, definitely determine whether Philipps was or was not the agent of the defendant company in respect to this policy. We choose to determine the case upon the hypothesis that he was the agent of the plaintiff *Body*, instead of the company, in procuring the policy. If he was such agent for that purpose, it was a mere special agency; and it by no means follows that he became thereby the agent of *Body* to receive return of the premium and notice of cancellation. The distinction as to the binding effect upon the principal between the act of a general and that of a special agent is thoroughly well settled in the law. The acts of the former within the apparent scope of his authority are binding upon the principal, although in excess of the real authority conferred upon him, while those of the latter are only binding upon the principal to the extent of the authority conferred, unless the latter has held his agent out as possessing a more enlarged authority. Story on Agency, §§ 17 *et seq.*, 126. *Congar v. G. & C. U. R. Co.* 17 Wis. 477, affords an illustration of this rule. There the agent had authority to search for and find certain articles which were lost *in transitu*, and to forward the same to their destination. This was held not to include authority to settle with the party in fault for the damages occasioned by the delay in transportation. It is said in Smith on Mercantile Law that it is the duty of a party dealing with a particular agent — that is, an agent employed specially in a single transaction — to ascertain the extent of his authority; and if he does not, he must abide the consequences. (8th ed. p. 124.) This rule, of course, is restricted to a case where the agent has not been held out by his principal as possessing an authority exceeding that actually conferred upon him.

In the present case, the authority of Philipps was limited to the single transaction of obtaining the insurance and there is no pretense that *Body* held him out as possessing

any greater or other authority. When, therefore, the insurance was obtained, his authority ceased. He was no longer the agent of *Body* for any purpose, and the repayment to him of the premium received for the insurance, and the notice to him of the cancellation of the policy, were entirely ineffectual. The condition of the policy is that it may " be canceled at any time by the company on giving written or verbal notice to that effect and refunding or tendering to the assured  .  .  .  a ratable portion of the premium for the unexpired term of the policy." This condition not having been complied with, the policy was not canceled, but remained in force at the time the insured property was destroyed; and so the learned county judge held.

The point is made in the argument to the effect that because the company refused to insure the property in November, it was a fraud upon it for the plaintiff *Body* to accept a policy on the same property from a local agent of the company a few weeks later, and hence that he should not be allowed to assert any rights under the policy thus issued. We are aware of no rule of law which supports this proposition. The company might well decline to take a risk at one time, and yet take it at a later date. We do not know what circumstances affecting the risk might have intervened between the refusal and the acceptance thereof, and the assured may have applied for the policy in suit in perfect good faith, notwithstanding the rejection of his first application. We find no element of fraud necessarily involved in the transaction.

Other points were made and argued in the case, but they need not be considered, because those above determined are controlling.

*By the Court.*— The judgment of the county court is affirmed.