THE FRED MILLER BREWING COMPANY, Appellant, v. THE COUNCIL BLUFFS INSURANCE COMPANY.

**Construction of Foreign Statute:** WHO IS AN INSURANCE AGENT? W., a resident of Wisconsin, solicits insurance on Wisconsin property. He was given it, and being unable to carry it in his companies, applied to C. at Chicago for the required policy, naming no company. C. applied to M. in Chicago in the same way, saying nothing about the connection of W. with the matter. M. had power to issue policies on Wisconsin property for defendant, an Iowa insurance company, which was not authorized to do business in Wisconsin. He issued a policy and it reached W. through C. The premium reached M. through C., both C. and W. keeping a commission. The policy contained a stipulation that the solic-

95    31
100   463
95    31
s111  592
95    31
f126  647
95    31
142   105

itor was the agent of the insured alone. A loss came. Suit was brought in Wisconsin on service made upon W. a year and a half after the policy issued. The Iowa insurance company made default, and judgment passed against it. A Wisconsin statute provides that whoever solicits insurance and receives a compensation shall be deemed an agent of the insurer. *Held*, the judgment will be enforced in Iowa.

**Practice on Appeal.** When the successful party does not appeal, he cannot sustain the judgment below with matter not presented below and not involved in the conclusions of law on which the judgment rests.

*Appeal from Pottawattamie District Court.*—Hon. N. W. Macy, Judge.

Thursday, May 23, 1895.

Action at law upon a judgment against the defendant rendered by a court of the state of Wisconsin. There was a trial by the court, without a jury, and a judgment in favor of the defendant for costs. The plaintiff appeals.—*Reversed.*

*Sims & Bainbridge* for appellant.

*Flickinger Bros.* for appellee.

Robinson, J.—The defendant is a corporation of this state engaged in transacting a fire insurance business. In May, 1887, it issued a policy which insured J. W. Maier on two buildings and personal property contained therein, situated in Medford, in the state of Wisconsin, against loss or damage by fire, for the term of one year, to the amount of one thousand one hundred and fifty dollars. The loss, if any, was made payable to Fred Miller, a mortgagee of the insured property, as his interest should appear. Miller afterwards assigned his mortgage to the plaintiff. On the thirtieth day of March, 1888, the property insured was destroyed by fire. The judgment on which this action is founded

was rendered, without an appearance by the defendant, on the thirty-first day of December, 1888, by the circuit court of Milwaukee county, in the state of Wisconsin, for the amount of the loss alleged to have been covered by the policy. The summons in that case was served on one E. H. Winchester, as the agent of the defendant, in the state of Wisconsin. The defendant claims, and the district court found, that the service of the summons upon Winchester did not confer upon the Wisconsin court jurisdiction to render the judgment; that it was rendered without jurisdiction, and was void.

I. When the policy in question was issued, and when the summons in the action in Milwaukee county was served, Winchester resided in Clarke county, in the state of Wisconsin, and was engaged in the insurance and banking business. In May, 1887, he solicited of Maier the privilege of furnishing insurance upon the property which was afterwards destroyed, and agreed with him to insure it. He was unable to carry the insurance in the companies for which he was then agent, and wrote to an insurance broker of Chicago, named W. W. Caldwell, for the insurance required. Thereupon Caldwell applied to E. T. Marshall & Co., also of Chicago, for insurance. They were the general agents in that city of the defendant, and had authority to write and deliver policies on acceptable risks located anywhere in the United States, outside of the state of Illinois. They issued the policy in question, charged it to Caldwell, and gave it to him for delivery. He sent it to Winchester, in Wisconsin, and he delivered it to Maier, and collected the premium due thereon, of seventy-six dollars. Of that amount, Winchester retained ten per cent. as commission, and transmitted the remainder to Caldwell. He retained an additional five per cent. as his commission, and paid the remainder to E. T. Marshall & Co. They did not

know Winchester, in the transaction, and had no
authority to appoint agents for the defendant in Wis-
consin. The defendant had not complied with the
laws of that state applicable to insurance companies,
and was not authorized to transact business in it.
Winchester did not apply for insurance by the defend-
ant, nor did Caldwell. He applied personally for a
specified amount of insurance, and E. T. Marshall &
Co. filed his application by issuing the policies of such
companies as they chose to select. Winchester did
not know by what companies the policies would be
issued, until he received them. He was never formally
appointed an agent of the defendant, and had no
authority to act for or represent it in any of the trans-
actions in question, unless by virtue of what he did,
and a section of the Revised Statutes of Wisconsin
which is as follows: "Sec. 1977. Whoever
solicits insurance on behalf of an insurance cor-
poration or property owner or transmits an
application for insurance, or a policy of insurance other
than for himself, to or from any such corporation, or
who makes any contract of insurance or collects any
premium for insurance, or in any manner aids or assists
in doing either, or in transacting any business of like
nature for any insurance corporation or advertises to
do any such thing, shall be held an agent of such cor-
poration to all intents and purposes, unless it can be
shown that he receives no compensation for such ser-
vices." Under the laws of Wisconsin, a civil action in
a court of record is required to be commenced by the
service of a summons; and when the action is against
an insurance corporation not organized under the laws
of that state, the summons may be served upon any
agent of the corporation, within the definition of sec-
tion 1977, in the state. Provision is also made for com-
mencing actions of the character of that brought in

Milwaukee county, when the defendant is a nonresident, in any county of the state which the plaintiff shall designate. It is well settled, as a general rule, that each state has the right to prescribe the terms and conditions on which foreign corporations may do business within its limits, or to exclude them wholly. It was said in *Paul v. Virginia*, 8 Wall. 168, that: "The corporation, being the mere creation of local law, can have no existence beyond the limits of the sovereignty where created. * * * The recognition of its existence, even, by other states, and the enforcement of its contracts made therein, depend purely upon the comity of those states,—a comity which is never extended where the existence of the corporation, or the exercise of its powers, are prejudicial to their interests, or repugnant to their policy. Having no absolute right of recognition in other states, but depending for such recognition, and the enforcement of its contracts, upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those states may think proper to impose. They may exclude the foreign corporation entirely, they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion." This general rule was affirmed, and some exceptions to it noticed, in *Hooper v. People*, 15 Sup. Ct. Rep. 207. See, also, *Insurance Co. v. Raymond*, 38 N. W. Rep. (Mich.) 482. Where a state prescribes conditions upon which a foreign corporation may do business within it, such corporation thereafter doing business in the state will be presumed to have assented to the conditions prescribed, and will be bound accordingly. *Railroad Co. v. Harris*, 12 Wall. 65; *Ex parte Schollenberger*, 96 U. S. 369. It is within the power of

a state to prescribe the method by which corporations doing business within its jurisdiction may be brought into court, and to designate the officer or agent of such corporation upon whom the process necessary to commence an action may be served. *Gross v. Nichols,* 72 Iowa, 239; *Childs v. Manufacturing Co.,* 104 N. Y. 479, 11 N. E. Rep. 50; *Voorheis v. Association,* 48 N. W. Rep. (Mich.) 1087; 2 Cook, Stock, Stockh. & Corp. Law, section 758, note.

From an application of these rules to the facts in this case it follows that it was within the power of the state of Wisconsin to make every person who should do the acts specified in section 1977 of the Revised Statutes an agent of the insurance corporation for whom he should act, and to provide that a service of a summons upon him, in a civil action, should have the effect of service upon the corporation. Therefore, if the facts which we have set out, and the statute we have quoted, made Winchester the agent of the defendant, service of the summons upon him was authorized.

In issuing the policy in question, did the defendant so far transact business in the state of Wisconsin as to come within the jurisdiction of its courts? As we have seen, it was not authorized to do business in the state, and had not appointed an agent within it. The application for insurance came to it without any solicitation whatever on its part. It had no knowledge of Winchester. He asked for, and was given, the privilege of obtaining insurance for Maier, but nothing was said by either of them in regard to insurance by the defendant. The application sent by Winchester to Caldwell was merely for a designated amount of insurance on the Maier property, and did not mention any company in which insurance was desired. The application made by Caldwell to E. T. Marshall & Co. was of precisely the same character, excepting that

it was verbal.    E. T. Marshall & Co., acting upon their own judgment or inclination, selected the defendant as one of the companies they represented, to give the required insurance.    There was nothing in the acts of Winchester and Caldwell, prior to the time the defendant was selected to issue one of the policies desired, which could have made either of them an agent of the defendant in fact, or within the meaning of the Wisconsin statute, under any permissible interpretation of it, for neither Winchester nor Caldwell had made any pretense of representing or soliciting insurance of or for the defendant.    If the act of either, prior to the issuing of the policy, can be given the effect of an act of agency, it must be by means of a ratification authorized by the defendant, or created by the statute.    It is the general rule, that in order to ratify an act of agency, the act must have been done by a person who, in doing it, claimed to represent a principal who was then in existence, and was known or could have been identified.    Mechem, Ag., sections 124-127.    In this case the principal was not identified by either Winchester or Caldwell, but the latter gave to E. T. Marshall & Co. the right to designate the principals, and they did so by selecting the defendant as one of them.    The knowledge had by that firm at the time the policy was issued is chargeable to the defendant, and it is bound by their act in issuing the policy.    When it was issued, the defendant must be held to have known that it was on property situated in Wisconsin; that it was procured at the solicitation of Winchester; that it would be returned to him for delivery; that he would collect and remit the premium, deducting therefrom compensation for his services; and that Caldwell would also retain a compensation for himself.    If the defendant did not know these facts, it could have ascertained them.    *Bennett v. Insurance Co.*, 70 Iowa, 600.    It must be held to have known that,

under the laws of Wisconsin, the person who in that state solicited the insurance, forwarded the application for it, or collected the premium, became by that act its agent, if the policy was issued. It could have refused to issue the policy, and thus have avoided liability under the Wisconsin laws; but, with actual or constructive knowledge of the effect of its act, it elected to and did deliver the policy. It is true that the delivery was in Chicago, and to a broker of that city, and that he was held responsible for the payment of the premium. But in issuing the policy and receiving the premiums the defendant accepted the benefits of the acts of Winchester, and still retains them. In issuing the policy on Wisconsin property, it transacted business in that state, for which it was organized. It not only did it in this instance, but it had done it previously. Before the policy in question was issued, Winchester had taken five of its policies for his patrons, and has taken others since. Although E. T. Marshall & Co. were doing business in Chicago, they were authorized to issue policies on acceptable risks anywhere in the United States, excepting risks in the state of Illinois. They were authorized, therefore, to issue policies on risks in the state of Wisconsin; and when they did so they were transacting insurance business in that state, within the meaning and scope of its laws. If this be not so, then the laws of that state may be evaded by the expedient of denying the agency of persons who solicit insurance for it within the state, and issuing the policies outside of it. According to that theory, a company might be organized for the sole purpose of doing an insurance business in that state, and could transact all the business for which it was organized, however large the volume, without becoming amenable to the laws of the state. That such a construction of the law would open the way for defeating the

right of the state to control the insurance business
within its limits is evident, and that it would be an
evasion of the legislative intent is clear. It should
not, therefore, be adopted, unless there is no alterna-
tive. Section 1144 of the Code of this state prohibits
certain foreign insurance companies from taking risks
or transacting any business of insurance in this state,
either directly or indirectly, unless possessed of a speci-
fied capital. In *Seamans v. Zimmerman*, 91 Iowa, 363,
it appeared that a company of the kind contemplated
by that section, organized under the laws of Wisconsin,
had issued two policies of insurance on property situ-
ated in this state. The policies were issued in Wis-
consin, on applications accepted there, and the con-
tracts of insurance were valid in that state. They
were held, however, to be in violation of the laws of
this state. It was said the section of the Code referred
to was designed to protect the property owners of this
state from irresponsible insurance companies, and
that the policies then under consideration belonged to
the class which the general assembly intended to pro-
hibit. The case is authority for the conclusion that
the issuing of policies of insurance outside a state on
property within it is the doing of business within the
state, which is subject to statutory regulation. We
are of the opinion that an insurance company does busi-
ness within the state of Wisconsin, within the meaning
of its laws, when it issues policies of insurance for
delivery in that state, on property located therein, and
that in this case Winchester must be regarded as the
agent of the defendant. This view is in harmony with
the decisions of the supreme court of that state. *State
v. United States Mut. Acc. Ass'n*, 67 Wis. 624, 31 N. W.
Rep. 229; *Body v. Insurance Co.*, 63 Wis. 157, 23 N. W.
Rep. 132; *State v. Northwestern Endowment & Legacy
Ass'n*, 62 Wis. 174, 22 N. W. Rep. 135; *Alkan v. Insur-
ance Co.*, 53 Wis. 137, 10 N. W. Rep. 91; *Schomer v.*

*Insurance Co.*, 50 Wis. 576, 7 N. W. Rep. 544. The statutes of Wisconsin which authorized the judgment upon which this action is founded are designed for the protection of the property owners of that state. They are not contrary to the policy of this state, and there is no ground upon which the courts of this state should refuse to lend their aid in enforcing them. The case of *Hooper v. People*, 15 Sup. Ct. Rep. 207, supports, in a measure, the conclusion we reach.

II.   As the law of Wisconsin made Winchester the agent of the defendant in effecting the insurance in question, it follows that no condition in the policy in terms making him the agent of the assured alone can be valid. It is said that, if the agency be established, it was not continuing, and that there was no authority to serve the summons upon Winchester when the service was attempted,—a year and a half after the policy was issued. The case of *Stevens v. Insurance Co.*, 51 N. W. Rep. (Wis.) 555, is relied upon as supporting that claim. We do not think it is an authority in point. It refers to the effect of knowledge by an agent of an incumbrance on the insured property, created eleven months after the insurance was effected, and it was held that an incumbrance existing at the time the application for insurance was made, if known to the agent, would not have rendered the policy invalid, but that his agency was not of such a character that knowledge by him of a subsequent incumbrance would affect the company. A statute of Wisconsin provides that the summons in an action against an insurance company not organized under the laws of that state may be served on "any agent of such corporation, within the definition of section 1977, in the state." Rev. St., section 2637, subd. 9. Winchester was an agent, within the definition of that section, in the issuing of the policy in question, "to all intents and purposes." Those purposes included

being served with a summons in an action on the
policy.

   III.    The defendant has urged numerous objec-
tions to the judgment which do not appear to have
been considered by the district court.    The judgment
was based upon two conclusions of law found by that
court, which are stated as follows:    "First.    That the
service of the summons upon said E. H. Winchester,
as found herein, did not give and confer upon the said
circuit court of Milwaukee county, Wisconsin, juris-
diction of the defendant herein to render the judgment
for the enforcement of which this action is brought.
Second.    That the judgment for the enforcement of
which this action is brought was rendered without jur-
isdiction of the defendant being first had and obtained
by the said circuit court of Milwaukee county, Wis-
consin, and is therefore null and void."    No appeal has
been taken by the appellee, and therefore we do not
decide any question not involved in the conclusions of
law stated.    There is no conflict in the evidence in
regard to the matter pertaining to the questions
decided by the district court, and the conclusions to be
drawn from that evidence are of law.    Since the court
erred in its conclusion, its judgment is *reversed.*