WM. B. STEVENS, Receiver of the COMMON-
WEALTH INS. CO., *vs.* THE RASIN FERTIL-
IZER CO.

*Fire Insurance Policy Issued by a Foreign Company in Violation of
the Statute of this State—Place of Making Contract.*

Code, Art. 23, secs. 118 *et seq.*, provide that it shall not be lawful for an
insurance company created by another State to take risks or trans-
act any insurance business in this State unless certain conditions
shall have been complied with. Defendant applied to a broker in
Baltimore for fire insurance on its property. This broker made ap-
plication by letter to certain insurance brokers in New York, and
these applied to a Massachusetts Ins. Co., which had not complied
with the statute of this State. Policies of insurance were signed in
Boston, forwarded by the company to the New York brokers, and
by them sent to the broker in Baltimore. He delivered the same to
the defendant, collected the premiums mentioned in the policies,
and, after deducting his commissions, remitted the balance to the
New York brokers, by whom it was paid to the Massachusetts com-
pany. Plaintiff, the receiver of this company, brought an action to
recover certain assessments on the policies. *Held*, that these con-
tracts of insurance were made in this State and not in Massachu-
setts, because they were not completed until the policies were deliv-
ered and the premiums collected by the broker in Baltimore, who
was the agent of the company for these purposes, and that, since
the contracts so made were in violation of the statute, the plaintiff is
not entitled to recover.

Appeal from the Baltimore City Court.

The cause was argued before McSherry, C. J., Bryan,
Fowler, Briscoe and Pearce, JJ. (April 28, 1898).

*William Reynolds*, for the appellant.

It is not disputed that any contract made by or with the
Insurance Company in violation of a valid, constitutional
statute of this State would be void, and it therefore be-
comes necessary to determine exactly what sections 118,
119 and 124 of Article 23 of the Code prohibit insurance
companies of other States from doing. They do not pro-

hibit them from insuring property located in this State, if the contracts for such insurance are made outside the State of Maryland, for this the Maryland Legislature would have no right to prohibit, as it has no right of control over the acts of citizens of other States done beyond its territorial limits.    Indeed, the Supreme Court of the United States in the recent case of *Allgeyer* v. *Louisiana,* 165 U. S. 590, has expressly decided that an Act of the Louisiana Legislature forbidding citizens of that State to contract outside of the State with a foreign corporation for insurance on their property located in the State was in violation of the Constitution of the United States, and therefore null and void. Moreover, there is no law upon the statute book of Maryland forbidding *its citizens* making any contracts of insurance they may see fit either within or without the State. The only construction therefore that can legitimately be put upon sections 118, 119 and 124 of Article 23 of the Code is that they prohibit foreign corporations, which have not complied with their requirements, from *making any contracts of insurance* within the limits of this State.    In *Columbia Fire Insurance Company* v. *Kinyon,* 37 N. J. Law, 33, it was held that a New Jersey statute declaring " It shall not be lawful for any company or association chartered by another State, or foreign government, to transact any business connected with insuring property situated in this State against loss or damage by fire, until they shall have first filed a statement, &c., &c.," should not be construed as applicable to an insurance made by a Pennsylvania corporation outside of New Jersey, but upon property in that State. We are therefore brought to the conclusion that unless the allegations of the defendant's special plea would, if true, establish affirmatively the fact that the contracts of insurance by which the defendant agreed to pay the assessments sued for in this case were made within the State of Maryland, or were by their terms to be performed therein, the statutes of this State offer no obstacle to the maintainance of this action.

The Massachusetts doctrine as established by the cases cited in *Cromwell* v. *Ins. Co.*, 49 Md. 374, is that the contract is made in the State where the policy is finally executed and *delivered*, but it should be noted that in every one of these cases the delivery which determined the *locus contractus* was one *made by the regular local agent of the Insurance Company*. And in the later case of *Shoe and Leather Bank* v. *Wood*, 142 Mass. 563, it was held that a note, executed and payable in Kentucky, and mailed from there to the payee in Massachusetts, was a Kentucky contract.

The New York doctrine is that when the application has been received and approved by the company, and the policy is executed and put in the course of transmission to the insured the contract is complete—that it was consummated by the final assent on the part of the company and on that event, and not on its delivery to the insured, it became operative. *Hyde* v. *Goodnow*, 3 Comst. 266 ; *Western* v. *Genesee Mutual*, 2 Kern, 258 ; *Huntley* v. *Merrill*, 32 Barb. 656.

Now it is submitted that whether we adopt the Massachusetts or the New York rule—and indeed we will find very little practical difference between them—there are no facts alleged in the defendant's plea which show its contracts of insurance to have been made in Maryland, but on the contrary the facts alleged clearly establish them to have been made in Massachusetts. The plea expressly states that the New York insurance brokers made application for the insurance to the manager of the Commonwealth Mutual Fire Insurance Company at its office in the city of Boston, whereupon said policies, and each of them, were made out and signed in Boston and forwarded by its manager by mail to said brokers in New York. According to the New York decisions the mailing of the policies at Boston was the completion of the contract, and so also would it be under the Massachusetts decision unless it could be shown that the New York brokers were agents of the Commonwealth Mutual Fire Insurance Company, and that the mailing of the policies to them was intended to be a mere transmission of

the papers from one representation of that company to another and not as a delivery to the insured.    But it is nowhere alleged in the pleadings that either the New York or the Baltimore insurance brokers were agents of the Commonwealth Mutual or represented it for any purpose whatsoever.    The plea does not allege the defendant to have paid the premiums on these polices upon, but *after delivery*, and as a matter of fact, some considerable interval elapsed in every or almost every instance between the receipt of the policy by the defendant and the payment of the premium by it.    Nor is it anywhere alleged in the record that the policies issued were not to be binding, nor the insurance thereunder complete until *after* the cash premium had been paid ; for although a proviso to that effect is sometimes inserted in fire insurance policies, the plea does not state such a proviso to have been in the policies sued on, nor is it in fact to be found in them.

The following cases are authority to show that the contracts of insurance set forth in the pleadings must be held, upon the facts therein alleged, to have been made in Massachusetts, and therefore to be governed by the laws of that State.    *Holder* v. *Aultman, Miller & Co.*, 169 U. S. 81 ; *Shattuck* v. *Mutual Life Ins. Co.*, 4 Clifford, 598 ; *Lamb* v. *Bowser*, 7 Bissell, 315 ; *Equitable Life Ins. Co.* v. *Nixon*, 81 Fed. Rep. 796 ; *Abbott* v. *Shephard*, 48 N. H. 14 ; *Conn. Fire Ins. Co.* v. *Way*, 62 N. H. 622 ; *Bailey* v. *Hope Ins. Co.*, 56 Maine, 474 ; *New Orleans* v. *Rhenis Lloyds*, 31 La. Ann. 781 ; *Halloch* v. *Conn. Ins. Co.*, 26 N. J. Law, 268 ; *Northampton L. S. Ins. Co.* v. *Tuttle*, 40 N. J. Law, 476 ; *Marden* v. *Hotel Owners' Ins. Co.*, 85 Iowa, 584 ; *Hartford S. B. & J. Ins. Co.* v. *Lasher Stocking Co.*, 66 Vt. 439 ; *Union Mut. F. Ins. Co.* v. *McMillan*, 24 Ohio St. 67 ; *Dailey* v. *Accident Ins. Co.*, 102 Mich. 289 ; *Voorhies* v. *People's Mut. Ben. Soc.*, 91 Mich. 469 ; *Am. Fire Ins. Co.* v. *Brooks*, 83 Md. 22.

*Frank Gosnell* (with whom was *T. M. Lanahan* on the brief ), for the appellee.

Many of the States have statutes similar to ours, prescribing the terms upon which foreign insurance companies may transact business within their borders.   The decisions of the Courts, particularly of late years, are numerous, and against the right of the corporations themselves (or their receivers), to recover, wherever it appears that the laws relating to them have not been complied with, and the fact that the insurance may have been effected through the mails, or that the policies were executed and delivered in a sister State and valid there, creates no distinction.   A well determined and settled policy has been established, which ignores the right of the offending corporation to recover in the Courts of the State whose laws have been violated. *Rose* v. *Kimberly & Clark Co.*, 89 Wis. 545 ; *Seamans* v. *Zimmerman*, 91 Iowa, 363 ; *Seaman* v. *Temple Co.*, 105 Mich. 404 ; 28 L. R. A. 430 ; *Buell* v. *Bresee Mill Co.*, 65 Ill. App. 271; *New Hampshire Ins. Co.* v. *Kennedy*, 96 Tenn. 711; *Gilbert* v. *State Ins. Co.*, 3 Kan. 1; *Barker* v. *Lamb & Sons* (Iowa), 68 N. W. Rep. 686–7 ; *Seamans* v. *Christian Bros., &c.* (Minn.), 68 N. W. Rep. 1065 ; *In re Comstock*, 3 Sawyer, 218 ; *Cowan* v. *Assurance Corporation*, 73 Miss. 321; *Williams* v. *Cheeney*, 3 Gray, 222 ; *Jones* v. *Smith*, 3 Gray, 500 ; *Clafflin* v. *U. S. Credit System Co.*, 165 Mass. 501; *Hooper* v. *California*, 155 U. S. 648 ; *Allgeyer* v. *Louisiana*, 165 U. S. 578 ; *Pierce* v. *People*, 106 Ill. 11; 22, 23 ; *Lycoming Insurance Co.* v. *Langley*, 62 Md. 215.

BRYAN, J., delivered the opinion of the Court.

The Commonwealth Mutual Fire Insurance Company, a body corporate of the State of Massachusetts, issued several policies of insurance, whereby it insured against fire certain property of the *Rasin Fertilizer Company*, a body corporate of the State of Maryland.   It is admitted that the Massachusetts corporation has never complied with sections 118, 119 and 124 of Article 23 of the Code of Public General Laws of this State.   These sections enact that it shall not be lawful for any insurance company incorporated under

the laws of another State " to take risks or transact any insurance business in this State," unless it has performed the conditions required by their terms. The important question in this case is whether the risks covered by the policies were taken in this State.

The question arose in the Court below in an action brought by the receiver of the Insurance Company to recover certain assessments made on the policies. The defendant pleaded " that the defendant applied to an insurance broker in the city of Baltimore, in the State of Maryland, for insurance upon its property and assets ; that said insurance broker in the city of Baltimore made application by mail to insurance brokers in New York for such insurance ; whereupon, said insurance brokers in New York made application for the same to the manager of the said Commonwealth Mutual Fire Insurance at its office in the city of Boston, State of Massachusetts ; whereupon, said policies, and each of them, were made out and signed in Boston, and forwarded by its manager by mail to said brokers in New York, and by said brokers in New York said policies, and each of them were then by mail forwarded to said broker in Baltimore, in the State of Maryland, and that said broker in Baltimore upon the receipt of said policies respectively delivered the same to the defendant in Baltimore, and after the delivery of said policies, respectively, the defendant paid in Baltimore to said broker in Baltimore, the full amount of the premium mentioned in said policies respectively ; that thereafter the said broker in Baltimore, after first deducting from the premium so received by him from the defendant, his commissions for services rendered in the premises, remitted the balance to said brokers in New York who, upon receipt of the same, deducted their commission for their services in the premises, and remitted the balance to the Commonwealth Mutual Fire Insurance Company in Boston ; all of which was with the knowledge and consent of said last-named corporation." We have quoted from the plea in its words, so that we might have the question distinctly

in our minds.   On demurrer, the plea was sustained and judgment entered for the defendant.    The plaintiff has appealed.

There is no doubt that the broker in the city of Baltimore was the agent of the defendant for procuring insurance.    This agent appointed sub-agents in the city of New York.    These sub-agents obtained the policies from the Insurance Company.    When they were put in the mail at Boston the Insurance Company signified its willingness to take the risk on defendant's property according to the terms contained in the policies.    But certainly the contract of insurance was not completed at that time.    The defendant at that time had never seen the policies, had not assented to their terms, and had not paid the premiums, which, as we learn from the declaration, were payable in cash.    We think that at this point of time the policies had not gone into operation.    They had not become effective to confer any rights on the assured ; nor to impose any obligations on the insurer.    If the property of the defendant had been destroyed by fire before the policies were received in Baltimore, the Insurance Company would not have been responsible.    To complete the contracts so as to give them a binding effect, it was necessary that they should be delivered, and that the cash premiums should be paid, or security be given which the Insurance Company should accept as the equivalent of payment.    The delivery took place in Baltimore, and at that place the premiums were paid.    And then and there the obligation of the contracts was consummated.

It is not questioned that a binding and complete contract might have been made in Boston ; and that if the defendant had performed its part of the contract, the mailing of a policy of insurance to it would have been an unconditional delivery.    By the act of putting the policy in the mail it would have passed beyond the control of the Insurance Company with the intent that it should unconditionally go into the possession of the defendant.  There would be nothing more for either party to do in order to manifest its as-

sent to the contract, or to fix the liability of the other con-
tractor. We have said that the broker in the city of
Baltimore who obtained the insurance was the agent of the
defendant. But he performed other services in addition to
obtaining the consent of the Insurance Company to its part
of the contract. He was intrusted with the possession of
the policies for the purpose of delivering them to the de-
fendant, provided it would pay the cash premiums ; and he
was also entrusted with the collection and transmission of
the money. For these services he was paid by the Insur-
ance Company, and therein he was its agent. He was paid
by being allowed to retain a commission out of the prem-
iums received from the defendant. Undoubtedly he deliv-
ered the policies for and in behalf of the Insurance Com-
pany. He would not have delivered them, if the premiums
had not been paid, or adequately secured. Undoubtedly
when the premiums were paid, the money belonged to the
Insurance Company. If the broker was authorized to re-
ceive the premiums for and in behalf of the Insurance Com-
pany, payment to him was a discharge of the defendant's
liability for them. But if the defendant was delivering the
money to his own agent for transmission to Boston, he was
not discharged until the whole amount was paid into the
hands of the Insurance Company ; in this event no deduc-
tion from the amount could have been made by the defend-
ant's agent. The Insurance Company surely was not pay-
ing the defendant's agent, for collecting from the defendant
money and transmitting it to itself at Boston.

As the risks were taken in the city of Baltimore, there
can be no recovery in this case. It is therefore unimpor-
tant to consider any other question in the case.

*Judgment affirmed.*

(Decided June 28th, 1898).