### BLISS v. POTOMAC FIRE-INSURANCE CO.

FIRE INSURANCE—FOREIGN COMPANIES—AGENCY.

A fire-insurance agent who, on being applied to for insurance, procured another agent to write a policy in a foreign company, and thereafter delivered the policy to the insured and collected the premium, was the agent of the company, and not of the insured. 2 Comp. Laws, § 7246; *Pollock* v. *Insurance Co.*, 127 Mich. 460.

Error to Saginaw; Beach, J. Submitted May 15, 1903. (Docket No. 83.) Decided July 14, 1903.

*Assumpsit* by Aaron T. Bliss against the Potomac Fire-Insurance Company on a policy of insurance. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Dickinson, Stevenson, Cullen, Warren & Butzel* and *Clyde I. Webster*, for appellant.

*Humphrey & Grant*, for appellee.

MOORE, J. The defendant is a foreign insurance company, which had a fire-insurance policy of $1,000 on a salt block and contents at Carrollton, Mich., owned by plain-

tiff, which building was destroyed by fire June 4, 1901. Proofs of loss were duly made. The defendant declined to pay, and this suit was brought upon said policy of insurance. The plea of the general issue was filed, and notice given thereunder that it would be claimed as a defense that the building was vacant and unoccupied when the insurance was obtained, September 1, 1900, and continued in that condition until the fire, of which the company had no knowledge. Notice was also given that it would be claimed as a defense that the building had been idle and unoccupied for more than 10 consecutive days prior to and at the time of the fire. The case was tried before a jury, but the circuit judge directed a verdict in favor of the plaintiff for the full amount of the insurance. The case is brought here by writ of error.

The record shows that Schupp, Sheridan & Hicks are insurance agents at Saginaw, Mich., conducting the business of a general insurance agency. They had in September, 1899, procured a line of insurance for the plaintiff. As they could not carry all of it in the companies they represented, they did what Mr. Schupp testified was the general custom of insurance agents, placed some of the insurance with agents of other companies, and they procured from Bierce & Sage, of Detroit, a policy of $1,000 in the Capitol Insurance Company. This policy expired in September, 1900, and the agents living at Saginaw asked Bierce & Sage to renew this policy. As they had ceased to represent the Capitol Insurance Company, instead of procuring a renewal in it, they wrote a policy in the Potomac Fire-Insurance Company, for which they were the Michigan agents, and forwarded the policy to the Saginaw agents. Upon the back of the folded policy was placed the following:

"Eddy Bldg.    Room 206.
"SCHUPP, SHERIDAN & HICKS,
"Insurance.
"Both 'Phones 127.
"SAGINAW, MICH."

The policy was then delivered to the plaintiff by the Saginaw agents, who collected the premium, deducted therefrom their commission, and forwarded the balance to Bierce & Sage.

The plant of plaintiff consisted of a sawmill, salt block, and planing mill. At the time the policy was issued, and up to the time of the fire, the sawmill and salt block were not running, but the planing mill was. During this time the salt block was in charge of a yard foreman in the day-time, and of the night watchman at night. No representations were made as to the salt block being operated when the policy was issued, and no questions were asked of the insured upon that point. No written application was made.

Upon the trial, and now, it was and is claimed that the Saginaw agents represented the plaintiff, and did not represent the defendant. It was also claimed that neither Bierce nor Sage had knowledge that the salt block was not in operation when the policy was issued, though Mr. Sage testified, among other things:

"We have a State agent, a traveling man that travels around through the State, representing the Potomac Fire-Insurance Company. He was here in Saginaw frequently in 1900 and 1901 for the purpose of looking over these policies, looking after the business of that company. I couldn't say how many times he was here in 1900, but he was here frequently. He may have been here in 1901; I couldn't say. It was his business to look after the business of the Potomac Fire-Insurance Company here in Saginaw Valley when he was here, and he looked after their risks and their policies and reported to us. That is what he was hired for, and it was part of his duty to become acquainted with the risks that were assured by that company."

The State agent was not called. Mr. Schupp testified he had no personal knowledge whether the mill was idle or not. No other member of his firm was sworn as a witness. No requests to charge were preferred by either party. After the argument, it was conceded by defendant's counsel that the judge should direct the verdict one way or the other. The court charged the jury as follows:

"*Gentlemen of the Jury:* In this case, as the court views it, it is a question for the court to instruct you with reference to the law in the case, and also to instruct you to return a verdict. The policy of insurance in this case was issued by the defendant company on the 1st day of September, 1900, insuring A. T. Bliss for $1,000, upon his paying $29.25 premium, upon his frame, steam, gravel-roof salt-block building and foundations to same, including grainers, settlers, vats, bins, wood and metal pipes, tubing, tools, salt, carts, and fixtures contained therein or connected therewith, situated on the west bank of the Saginaw river, at Carrollton, Saginaw county, Michigan.

"It is claimed in this case by the defendant that Schupp, Sheridan & Hicks, of this city, had no authority whatever to act as insurance agents for the defendant in this case; that its business was done by Bierce & Sage, of Detroit, and that they were the only ones that had any authority to issue policies and to take insurance; that Schupp, Sheridan & Hicks, when they procured this policy, were acting as the agents for the insured, A. T. Bliss.

"Under the undisputed testimony in this case, I instruct you to return a verdict in favor of the plaintiff, and against the defendant, in the sum of $1,000 and accrued interest. You, gentlemen, can ascertain what the interest is upon that. There is no dispute in this case in reference to the fire, nor as to the amount of the loss. The only question is that the defendant company claims, as a matter of fact, that Schupp, Sheridan & Hicks, when they procured this policy, were the agents of A. T. Bliss; and, as I view the law, they were, as a matter of law, the agents for the insurance company.

"*Mr. Humphrey:* The interest for 7 months and 27 days is $32.92.

"*Mr. Butzel:* I have no doubt that is correct.

"*The Court:* You may add this to the policy of $1,000, —$32.92,—and your verdict will be for $1,032.92. The clerk will take your verdict."

When the judge told the jury, in the presence of the attorneys, what was claimed by the defendant, no suggestion was made to the judge that any other question was involved than the one mentioned. Under the record as made, the only question we feel warranted in considering

is whether Schupp, Sheridan & Hicks were agents for the defendant.   See *Winchell* v. *Hicks*, 18 N. Y. 558; *O'Neill* v. *James*, 43 N. Y. 84; *Ormes* v. *Dauchy*, 82 N. Y. 443 (37 Am. Rep. 583); *Collester* v. *Hailey*, 6 Gray, 517.   In relation to this question, the case of *Pollock* v. *Insurance Co.*, 127 Mich. 460 (86 N. W. 1017), and same case on second trial, 132 Mich. 225 (93 N. W. 436), is on all fours. The only difference is that Vernor Bros., insurance agents, and Bierce & Sage are all residents of Detroit, while in this case one firm of agents lives in Saginaw and the other in Detroit.   The case is so recent it is only necessary to refer to it.

Judgment is affirmed.

The other Justices concurred.