## McCord *v.* Illinois National Fire Insurance Company et al.

[No. 7,214. Filed May 16, 1911.]

1. Process.—*Motion to Quash.*—*Foreign Corporations.*—*Insurance.* —*License to do Business.*—*Agents.*—*Estoppel.*—A motion by a foreign insurance corporation to quash the sheriff's return to a summons, on the ground that such corporation was never licensed to transact business within this State, where it is admitted that

McCord *v.* Illinois Nat. Fire Ins. Co.—47 Ind. App. 602.

it transacted business within the State, the return showing the summons to have been served upon such corporation's agent, should be overruled, such corporation being estopped from claiming an exemption from process because of its violation .of the law. p. 605.

2.  PROCESS.—*Motion to Quash.—Foreign Corporations.—Insurance. —Agencies.*—A motion by a foreign insurance corporation to quash the return to a summons, on the ground that such corporation's officers were residents of a foreign state and that it maintained no office in the county wherein the action was brought, such return showing such summons to have been served upon such corporation's agent, should be overruled, where it is admitted that it transacted business within the State, the real question being whether the person served was the agent of such corporation. p. 606.

3.  PRINCIPAL AND AGENT.—*Agency.—How Established.—Evidence. —Conclusions.*—The affidavits of an alleged principal and an agent, that such alleged agent was not an agent of such principal are conclusions, the facts being essential to a determination of the question of agency. p. 606.

4.  INSURANCE.—*Agents.—Facts Showing.*—Evidence that an insurance broker doing business in Indianapolis sent forty insurance applications to defendant nonresident insurance company, that upon each application a policy was issued by the company and returned to such broker who delivered it, collected the premium and retained a commission, and that such broker had no authority to solicit business for such company, shows that such broker was defendant's agent for the transaction of such business. pp. 606, 608.

5.  INSURANCE.—*Foreign Companies.—Doing Business.*—Foreign insurance companies are doing business in this State when they issue policies on property located in this State to residents thereof. p. 607.

6.  COURTS.—*Jurisdiction.—Foreign Corporations.*—Whether an Indiana court has jurisdiction over a nonresident insurance company by service of process upon its alleged agent, is a question of fact. p. 607.

7.  PRINCIPAL AND AGENT.—*Foreign Corporations.*—An agent for a foreign corporation is one who shall "directly or indirectly receive or transmit money or other valuable thing to or for the use of such corporations or who shall in any manner make or cause to be made any contract, or transact any business for or on account of such foreign corporation" (§4102 Burns 1908, §3026 R. S. 1881). p. 607.

From Superior Court of Marion County (74,917) ; *Lawson M. Harvey*, Judge,

Action by George McCord against the Illinois National Fire Insurance Company and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Guilford A. Deitch,* for appellant.
*Smith, Duncan, Hornbrook & Smith,* for appellees.

ADAMS, J.—Appellant brought this action against the Illinois National Fire Insurance Company of Springfield, Illinois, and the Manufacturers Mutual Fire Insurance Company, upon a policy of insurance issued under the following circumstances. The Manufacturers Mutual Fire Insurance Company was engaged in the general fire insurance business in the State of Indiana, and having occasion to reinsure a part of the risk assumed by it, such reinsurance was placed with the Illinois National Fire Insurance Company of Springfield, Illinois. The Manufacturers Mutual Fire Insurance Company insured appellant against loss or damage by fire in the sum of $2,000, and reinsured said $2,000 with said Illinois company, and received from that company the policy of insurance upon which this action is brought. Appellant suffered loss by fire, which was adjusted at more than $2,000, and to satisfy the claim of appellant against the Manufacturers Mutual Fire Insurance Company, it assigned to appellant the policy issued to it by the Illinois National Fire Insurance Company. Said Illinois National Fire Insurance Company was never regularly admitted to do business in Indiana, not having complied with the law relating to foreign insurance companies. The summons in this case was served upon Anton J. Van Diense, president of A. J. Van Diense & Co., the sheriff's return showing that no officer or director of appellee Illinois National Fire Insurance Company was found, and that said Van Diense was the only representative of said appellee found within his bailiwick. The Illinois National Fire Insurance Company, herein designated as appellee, entered a special appearance, and filed its motion

to quash the return to the writ, upon the ground that it had never been licensed to do business in Indiana; that it maintained no office in the county of Marion, nor at any other place within the State; that its officers were residents of the State of Illinois; that at no time during the year 1907 did it transact, or authorize any one to transact for it, any business in the State of Indiana; that neither Anton J. Van Diense nor A. J. Van Diense & Co. were agents, representatives or employes of said appellee.

A hearing was had on the motion to quash, and neither party objected to this method of procedure. In support of the motion, said appellee offered the affidavits of Anton J. Van Diense and the secretary of said appellee company, which affidavits fully supported the facts set out in the motion. Anton J. Van Diense was also examined as a witness.

The finding of the court, as shown by the record, is as follows: "And on plaintiff's admission in open court that if Anton J. Van Diense, the person upon whom said writ was served, is not, and was not at the time of said service, an agent of defendant Illinois National Fire Insurance Company of Springfield, Illinois, then said defendant company had no agent, and now has no agent in the State. The court now orders that plaintiff's complaint herein be dismissed, and that defendants have judgment against the plaintiff for their costs laid out and expended." Judgment was entered accordingly.

Error is predicated upon the action of the court in sustaining the motion to quash the sheriff's return to the summons.

It will be noted that the motion to quash the return to the summons was based upon several grounds. The first—

1. that appellee had never been licensed to do business in the State of Indiana — is clearly unavailing.

When appellee is shown to have issued policies of insurance upon property in this State, and for residents of

this State, it cannot, after loss, be heard to deny its liability, on the ground that in writing such insurance it violated the law of Indiana. This is a self-evident proposition.

Equally unavailing are the further grounds that appellee maintained no office in Marion county, or in the State of Indiana, during the year 1907, and that its officers were residents of the State of Illinois. These facts, if admitted, would not relieve appellee from the burden of its contract. Not having been licensed to do business in the State of Indiana, as provided by law, and not having filed with the Auditor of State a resolution of its board of directors, consenting that service of process might be had upon any authorized agent in the State, a single question, as shown by the finding, was raised in the court below upon the motion to quash. That question is, Was Anton J. Van Diense, the person upon whom said writ was served, at the time of said service, an agent of appellee.

In ascertaining the fact in question, we are not aided by the affidavits of the secretary of the appellee and of Van Diense, both of which contained the statement that Van Diense was not an agent of appellee. These affidavits cannot be considered in any other light than as conclusions. The question of agency is, in this case, a question of law drawn from the facts admitted.

Upon the hearing Van Diense was examined as a witness, and testified that he was an insurance broker, doing business in the city of Indianapolis; that during the year 1907, and up until the trial of this cause, he had sent forty applications for insurance to appellee, either to its home office, or to agents representing appellee; that upon each application so sent to appellee a policy of insurance was issued, which was sent to Van Diense, and by him delivered to the insured; that he collected the premiums and remitted them to appellee, retaining a commission in every case of from fifteen to twenty-five per cent

of the premium, which commission was allowed by appellee; that he was at no time agent for appellee; that he was an agent for certain other companies, and was in the general insurance brokerage business; that he had no authority from appellee to solicit business, and the policies sent to it by him could be accepted or rejected, but in every case were accepted, and the regular commission allowed.

By the act of March 11, 1901 (Acts 1901 p. 375, §4798 Burns 1908), it is provided that every insurance company chartered or incorporated in any other state and doing business in the State of Indiana, shall be subject to the process of the courts of this State in any action founded upon any claim or demand of any character whatever, held or asserted against said company by any citizen of this State, and process against said company shall be served in the manner provided by existing laws.

It was held in the case of *Rehm* v. *German Ins., etc., Inst.* (1890), 125 Ind. 135, that doing business contemplates only the business of insurance, and does not include
5.  the preliminary conditions, such as the appointment of agents, which ordinarily must be done by the company itself, through its general officers. But it cannot be said that a foreign insurance company is not doing business in the state, when it is shown and admitted that such company is issuing policies of insurance to residents of this State, and upon property located in this State.

Whether Van Diense was the authorized agent of appellee, and whether service of summons upon him in this
action could give the Superior Court of Marion
6.  County jurisdiction of the person of appellee, must be determined from the proof, and the law as applied to such proof.

An agent of a foreign corporation has been defined by statute in this State (§4102 Burns 1908, §3026 R. S.
7.  1881) as ''any person who shall, directly or indirectly, receive or transmit money or other valuable

thing to or for the use of such corporations, or who shall in any manner make, or cause to be made, any contract, or transact any business for or on account of any such foreign corporation, shall be deemed an agent of such corporation, and be subject to the provision of this act relating to agents of foreign corporations.''

In the case of *Indiana, etc., R. Co.* v. *Adamson* (1888), 114 Ind. 282, 290, it is held that agency need not be established by showing the contract in writing, but may be shown by circumstantial evidence. In the case of *Indiana Ins. Co.* v. *Hartwell* (1890), 123 Ind. 177, the policy provided that only such persons ''as shall hold the commission of this company shall be construed as its agents in any transaction relating to this insurance.'' The court, in passing upon the question of agency, said: ''Upon principle, we can see no reason for drawing a distinction between an insurance broker, who procures a risk which is adopted and accepted by an insurance company, and a commissioned agent, who effects the insurance, so far as their relations to the company are concerned. In either case, what is done is the authorized act of the company, and for the services rendered the company responds.''

The admitted fact that Van Diense did not solicit insurance for appellee in this State cannot affect the question of agency. Mere solicitation in itself amounts to nothing. The important elements to be considered in the determination of the question of agency in this case are the execution of the contracts by appellee and returning them to Van Diense for delivery to the insured, the delivery of the policies, the collection of the premiums, the deduction of the agent's commission, and the remittance of the balance and retention thereof by appellee. What more could a regularly authorized agent do? In accepting the business proffered by Van Diense, giving him authority to deliver the policies, collect the premiums, and by paying him for his services, appellee must be considered as making his act

its own.   This would constitute agency, as defined by our statutes, as well as by the decisions of the courts of this and other states.   *Indiana Ins. Co.* v. *Hartwell, supra; Stevens* v. *Rasin Fertilizer Co.* (1898), 87 Md. 679, 41 Atl. 116; *Wisconsin Cent. R. Co.* v. *Phoenix Ins. Co.* (1904), 123 Wis. 313, 101 N. W. 703; *Welch* v. *Fire Assn. of Philadelphia* (1904), 120 Wis. 456, 98 N. W. 227; *Speiser* v. *Phoenix Mut. Life Ins. Co.* (1903), 119 Wis. 530, 97 N. W. 207; *Pollock* v. *German Fire Ins. Co.* (1901), 127 Mich. 460, 86 N. W. 1017; *Bliss* v. *Potomac Fire Ins. Co.* (1903), 134 Mich. 212, 95 N. W. 1083; *Continental Ins. Co.* v. *Ruckman* (1889), 127 Ill. 364, 20 N. E. 77, 11 Am. St. 121; *John Hancock Mut. Life Ins. Co.* v. *Schlink* (1898), 175 Ill. 284, 51 N. E. 795; *St. Paul Fire, etc., Ins. Co.* v. *Shaver* (1888), 76 Iowa 282, 41 N. W. 19; *Hartman* v. *Hollowell* (1905), 126 Iowa 643, 102 N. W. 524; *Fred Miller Brewing Co.* v. *Council Bluffs Ins. Co.* (1895), 95 Iowa 31, 63 N. W. 565; *Reyer* v. *Odd Fellows, etc., Accident Assn.* (1892), 157 Mass. 367, 32 N. E. 469, 34 Am. St. 288; *Southern Ins. Co.* v. *Wolverton Hardware Co.* (1892), 19 S. W. (Tex.) 615; *Bankers Life Ins. Co.* v. *Robbins* (1898), 55 Neb. 117, 75 N. W. 585.

In the case of *Stevens* v. *Rasin Fertilizer Co., supra,* a case not unlike this one, the court of appeals of Maryland said: "He [the broker] was intrusted with the possession of the policies for the purpose of delivering them to the defendant, provided it would pay the cash premiums; and he was also intrusted with the collection and transmission of the money.   For these services he was paid by the insurance company, and therein he was its agent.   He was paid by being allowed to retain a commission out of the premiums received from the defendant.   Undoubtedly, he delivered the policies for and in behalf of the insurance company.   He would not have delivered them, if the premiums had not been paid, or adequately secured.   Undoubtedly

when the premiums were paid, the money belonged to the insurance company. If the broker was authorized to receive the premiums for and in behalf of the insurance company, payment to him was a discharge of the defendant's liability for them. But if the defendant was delivering the money to his own agent for transmission to Boston, he was not discharged until the whole amount was paid into the hands of the insurance company; in this event no deduction from the amount could have been made by the defendant's agent. The insurance company surely was not paying the defendant's agent for collecting from the defendant money and transmitting it to itself at Boston.''

In the case of *Continental Ins. Co.* v. *Ruckman, supra,* the supreme court of Illinois said: ''The general assembly * * * had an undoubted right to make such companies responsible, not only for the acts of those who are in fact their agents, but of those who assume to act as their agents and in fact aid them in the transaction of their insurance business.''

The supreme court of Massachusetts, in the case of *Reyer* v. *Odd Fellows, etc., Accident Assn., supra,* construed the Indiana law in a case where a judgment was obtained in Indiana by service upon a local secretary of a lodge, who was not recognized by the association as an agent. Being unable to collect in this State, the holder of the judgment sought to enforce it in Massachusetts, the defendant being a Massachusetts corporation. Notices to members of assessments were sent out in which one Reynolds was referred to as the local secretary, although the by-laws of the Association did not recognize the existence of such an officer. Reynolds did, in fact, transmit money to the association, deducting his commissions from the assessments collected by him, and transacted some other business for said association. The court held that Reynolds was the agent of the association, and that service of process on him was service on the company, within the meaning of the Indiana laws.

In the case of *Bankers Life Ins. Co.* v. *Robbins, supra,* the supreme court of Nebraska held, that a bank, which collected assessments for the company, and was supplied with blank receipts, which were countersigned by it upon payment of assessments, was the agent of the company, under a statute which provided that "any person or firm in this territory who shall receive or receipt for any money on account of or for any contract of insurance made by him or them, or for any such insurance company or individual aforesaid,  *  *  *  shall be deemed to all intents and purposes an agent or agents of such company and shall be subject and liable to all the provisions of this chapter." And it was also held that service of process on the bank was service on the company.

As we have seen, the evidence shows that at the time of the hearing below, Van Diense had sent applications for insurance to appellee, both before and after service of process in this action. These applications were accepted by appellee, policies were written and sent to Van Diense for delivery. These policies were by him delivered, the premiums collected and his commissions retained, with the knowledge and approval of appellee. Our conclusion is that these acts constituted Van Diense the agent of appellee, within the meaning of the laws of this State defining agency, and that service of summons upon him as such agent, gave the Superior Court of Marion County jurisdiction of appellee.

The judgment is therefore reversed, with instructions to the court below to overrule the motion of appellee to quash the sheriff's return to the summons, and to reinstate the action of appellant as an action pending in the Superior Court of Marion County.