DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE COUNTY OF WARREN.

ROY D. KEEHN, AS RECEIVER OF CENTRAL MUTUAL IN-
SURANCE COMPANY OF CHICAGO, PLAINTIFF, v.
CLARENCE K. LAUBACH AND WILLIAM BUCHECKER,
INDIVIDUALLY AND DOING BUSINESS UNDER THE
NAME AND STYLE OF LAUBACH TRANSPORTATION
CO., DEFENDANTS.

Decided September 15, 1944.

For the plaintiff, *Samuel M. Hollander.*

For the defendants, *Lewis S. Beers.*

KINGFIELD, D. C. J. The facts in this case were stipu-
lated as follows: A broker solicited an application for a
policy of insurance covering the defendant's trucks. An

application was forwarded to the company at its North Carolina office, in which state the company was admitted to do business; and the policy was issued to the defendant who received the same. Subsequently in Illinois, the state of its incorporation, liquidation proceedings were instituted, wherein the defendant was served by publication; and a judgment was entered in that state requiring the defendant to pay an assessment. A demand for payment of the assessment was made; and thereafter this suit based upon the Illinois judgment was started. The defendant was a resident of New Jersey and the home terminal of his trucks, which were covered by the policy of insurance, was within the State of New Jersey, although the trucks were used in both intrastate and interstate commerce. The solicitation took place within New Jersey. The broker was not a registered agent of the insurance company, and furthermore the insurance company did not comply with the laws of this state in order to do business within the state.

The defendant contends that the plaintiff should not recover, and relies upon the case of *Cunningham* v. *Brockway Fast Motor Freight, Inc.,* 18 *N. J. Mis. R.* 101, wherein it was held that if a foreign mutual insurance company has solicited business from New Jersey residents on property located in New Jersey contrary to the New Jersey criminal laws, our courts will not permit a suit against such policy holders to collect an assessment imposed after insolvency of the foreign company.

The pertinent New Jersey statutes are *R. S.* 17:17–12 which makes it a misdemeanor to solicit, negotiate, or effect any contract of insurance without being authorized to do business in New Jersey, and *R. S.* 17:32–10 which provides that no insurance company not incorporated under the laws of this state, doing business on the mutual plan, shall recover in an action in any court in this state upon any policy of insurance upon property in this state which has been or may be hereafter issued by the company, for any assessment made upon the policy unless it has previous to the issuance of the policy of insurance complied with the provision of this subtitle.

The plaintiff contends since his action is predicated upon the judgment of assessment of a sister state, it is a judgment which must be accorded full faith and credit. The assessment has been sustained by the Illinois Appellate Court in *People, ex rel. Palmer, &c.*, v. *Central Mutual*, 313 *Ill. App.* 84. It cannot be disputed that the validity of the assessment made in connection with the liquidation of an insolvent insurance company is governed by the laws of the state where the corporation has its domicile. *Broderick* v. *Rosner*, 294 *U. S.* 629.

The question in this case is simply whether the last mentioned statute bars the suit to collect the assessment levied against the defendant. It is my opinion that it does.

The distinction between this case and the Cunningham case is not material; even though this suit was upon a foreign judgment, its purpose, nevertheless, was to collect an assessment, as in the Cunningham case. In both the North Carolina case, *Miller* v. *Barnwell Bros.*, 137 *Fed. Rep.* (*2d*) 257, and the Georgia case, *Gaston* v. *Keehn*, 26 *S. E. Rep.* (*2d*) 107, involving suits upon similar assessments, the insurance company had qualified to do business in those states, thus differentiating these cases from the present one. The contention that a state cannot forbid insurance contracts relating to risks within its limits from being made between a citizen and a corporation in another state, as held in *Allgeyer* v. *Louisiana*, 165 *U. S.* 578, is not the point of issue in this case. As was held in *Bothwell* v. *Buckbee Mears Co.*, 275 *Id.* 274, a case similar to this one, there is involved here the doing of something in New Jersey, which, its law prohibited.

It is true that recently, the United States Supreme Court placed insurance in the category of interstate commerce. *United States* v. *South Eastern Underwriters Association*, 64 *Sup. Ct. Rep.* 1162. Yet in the absence of complete federal regulation of insurance, I cannot bring myself to believe that a state does not have the right to protect its citizens by the passage of laws such as *R. S.* 17:32–10, and the further setting up of qualifications requisite for a foreign insurance company to do business within its borders.

While the broker who solicited the insurance policy was not a registered agent of the company, the policy was issued

as a direct result of his solicitation, it necessarily follows that he was acting for the company in soliciting this insurance policy. New Jersey law forbids such solicitation unless the insurance company is authorized to do business within the state, and further denies the company the right to collect assessments arising out of such solicitation of insurance upon property in New Jersey. In this case, the property was in New Jersey, and the fact that it was also used in interstate commerce does not make any material difference.

Where an insurance contract though validly made in another state, is in direct contravention of New Jersey law, it is void so far as concerns the right of the foreign principal to sue upon it. Other state courts have arrived at a similar result. *Stevens* v. *Rasin Fertilizer Co.*, 87 *Md.* 679; 41 *Atl. Rep.* 116; *Swing* v. *Munson*, 191 *Pa.* 582; 43 *Atl. Rep.* 342; *Employers Mutual Insurance and Service Co.* v. *Pakradooni*, 84 *Pa. Superior Ct.* 532; *Swing* v. *Thomas*, 120 *Ill. App.* 235. Cases have also been decided in Ohio, Indiana, Mississippi, South Carolina and Wisconsin to the same effect, while New York and Rhode Island cases have permitted recovery. The weight of authority seems to be against recovery. Judgment in this case is entered for the defendant.